DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mark E. Rexroad, appeals from the order of the Summit County Court of Common Pleas that denied his motion to withdraw his guilty plea. We affirm.
 I. {¶ 2} On February 4, 1997, the Summit County Grand Jury indicted Mr. Rexroad of five counts of kidnapping, in violation of R.C. 2905.01(A)(4), five counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and one count of illegal use of a minor in nude material, in violation of R.C. 2907.323. Mr. Rexroad pled guilty to the five counts of kidnapping and five counts of gross sexual imposition, and the State dismissed the remaining charge. The court sentenced Mr. Rexroad accordingly. In addition, the court adjudicated Mr. Rexroad a sexual predator pursuant to R.C. 2950.09. Mr. Rexroad appealed to this Court from his sexual predator classification, and we affirmed the classification. State v. Rexroad (Apr. 1, 1998), 9th Dist. No. 18539.
 {¶ 3} On October 24, 2003, Mr. Rexroad filed a motion to vacate or set aside his sentence, which the trial court denied. Mr. Rexroad also appealed from that decision to this Court. On January 15, 2004, we dismissed Mr. Rexroad's appeal for lack of a final, appealable order.
 {¶ 4} On June 18, 2004, Mr. Rexroad filed, in pertinent part, a pro se motion to withdraw his guilty plea with the trial court, asserting that the court did not engage him in a proper colloquy pursuant to Crim.R. 11, and that his trial counsel rendered ineffective assistance. In an order dated June 24, 2004, the trial court denied this motion. The court concluded that Mr. Rexroad's challenges were barred by the doctrine of res judicata. It is from this order that Mr. Rexroad now appeals.
 {¶ 5} Mr. Rexroad timely appealed, asserting two assignments of error for review. We address Mr. Rexroad's assignments of error together to facilitate review.
 II. First Assignment of Error
"The trial court abused its discretion and committed prejudicial error in denying the appellant's motion to withdraw guilty plea in violation of the fifth, sixth, andfourteenth amendments of the united states constitution, and in violation of clearly established law as determined by the supreme court of ohio."
 Second Assignment of Error
"Defendant's plea was entered based upon the erroneous advice from counsel, constituting ineffective assistance of counsel."
 {¶ 6} In his first and second assignments of error, Mr. Rexroad challenges the trial court's denial of his post-sentence motion to withdraw his guilty plea, in which he asserted his plea was entered into in contravention of Crim.R. 11 requirements and upon purportedly erroneous advice from his trial counsel. Mr. Rexroad asserts that the trial court erred in determining that he was barred from raising these challenges by the doctrine of res judicata. We disagree.
 {¶ 7} A motion to withdraw a guilty plea after sentencing is permitted to correct a manifest injustice. See Crim.R. 32.1. The appellate standard of review for a motion to withdraw a guilty plea is limited to a determination of an abuse of discretion by the trial court. State v. Honorable (Sept. 23, 1987), 9th Dist. No. 13076, citing State v. Peterseim (1980),68 Ohio App.2d 211, paragraph two of the syllabus. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. State ex rel. V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred, and must affirm the trial court's decision. State v. Xie
(1992), 62 Ohio St.3d 521, 526, citing Barker v. United States
(C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 8} The doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, or on an appeal from that judgment. State v. Clemens (May 31, 2000), 9th Dist. No. 19770, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. That a defendant failed to directly appeal from his conviction and sentence does not prevent the application of the doctrine of res judicata. Clemens, supra, citing State v.Quiles (Jan. 2, 1997), 9th Dist. No. 96CA006312.
 {¶ 9} In this case, the trial court properly determined, that, since Mr. Rexroad could have raised all of these allegations related to Crim.R. 11 on direct appeal because all of the alleged errors would have been apparent from the face of the record, that his motion to withdraw his guilty plea is barred by the res judicata doctrine. See State v. Holcomb, 9th Dist. No. 21637, 2003-Ohio-6322, at ¶ 7. Mr. Rexroad has previously appealed to this Court, but only from his sexual predator classification. See State v. Rexroad (Apr. 1, 1998), 9th Dist. No. 18539. We agree with the trial court that Mr. Rexroad could have raised these challenges to his guilty plea on a direct appeal from his conviction and sentence, but that he failed to do so.
 {¶ 10} Mr. Rexroad once again opines that the trial court had initially appointment him appellate counsel for the purposes of appealing his sexual predator classification only. However, this Court addressed this argument in our January 15, 2004 journal entry, specifically informing Mr. Rexroad of the fact that the trial court had no duty to advise him of any rights to appeal when he pleaded guilty the charges.
 {¶ 11} Based upon the foregoing, we find that the trial court did not abuse its discretion in denying Mr. Rexroad's motion to withdraw his guilty plea based on the doctrine of res judicata. See V Cos, 81 Ohio St.3d at 469. Accordingly, Mr. Rexroad's first and second assignments of error are overruled.
 III. {¶ 12} Mr. Rexroad's first and second assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Baird, J. concurs in Judgment Only.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)