JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Derrick Robinson ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case and facts, appellant pled guilty in CR-450587 to count one, breaking and entering, in violation of R.C. 2911.13, count two, burglary, in violation of R.C. 2911.12
and count three, aggravated theft, in violation of R.C. 2913.02. Appellant also pled guilty in CR-449996 to one count of attempted receiving stolen property, in violation of R.C. 2923.02 and2913.51.
 {¶ 3} Appellant was sentenced on July 13, 2004. The trial court imposed a sentence in case 450587 of one year each on counts one and three to run concurrent, and one year and six months on count two to run consecutive to the terms on counts one and three. The trial court also sentenced appellant in case 449996 to one year incarceration to run consecutive to the sentence in case 450587, for an aggregate sentence of three years and six months. Appellant did not file an appeal of his sentence, but did file a motion to withdraw his guilty pleas on July 21, 2004. Appellant included two additional cases in the caption of his motion, but raised no issues with respect to those cases. The trial court denied the appellant's motion in journal entries filed August 31, 2004.
 II. {¶ 4} Appellant's first assignment of error states the following: "The trial court abused its discretion by denying the appellant's motion to withdraw guilty plea, and court errors to the prejudice of appellant by failing to hold an evidentiary hearing where the record partly demonstrates a manifest injustice which denies the due process and equal protection of the laws via the United States Constitution 6th, 14th Amends. U.S.C.A. and the Ohio Constitution Art. I §§ 1, 2, 10, 16."
 {¶ 5} Appellant's second assignment of error states the following: "Appellant's counsel provided ineffective assistance during the guilty plea as counsel did not object in the trial court to broken plea agreement which denied him a fair-trial and the trial court abuses its discretion in not granting motion to withdraw guilty plea based on ineffective assistance of the trial counsel in violation of United States Const. Amends. 5th, 6th, 14th, Ohio Const. Art. I §§ 1, 2, 10, 16."
 {¶ 6} Appellant's third assignment of error states the following: "The trial judge abused his discretion by not ordering evidentiary hearing so appellant could establish via testimony of witnesses and documents fully his claims to withdraw guilty plea, a procedure that denied his substantive and procedural due process as guaranteed via Ohio Constitution Article I §§ 1, 2,10, 16 in conjunction with United States Constitution Amendments 5th, 6th, 14th."
 {¶ 7} Appellant's claims are barred by the doctrine of res judicata. The doctrine of res judicata involves both claim preclusion, which historically has been called estoppel by judgment, and issue preclusion, which traditionally has been referred to as collateral estoppel. Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226. Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. See, also, Black's Law Dictionary (6 Ed. 1990) 1305 (defining res judicata as a "rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action"). Issue preclusion, or collateral estoppel, precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." Krahn v. Kinney (1989),43 Ohio St.3d 103, 107, 538 N.E.2d 1058.
 {¶ 8} In Grava, the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claimswhich could have been litigated in the previous action:
" * * * `It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit"' (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69, 25 Ohio B. 89, 494 N.E.2d 1387)."
(Emphasis added.)
 {¶ 9} Further, the court held:
"the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."
Id.; Grava at 382, quoting Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178.
 {¶ 10} Res judicata prevents consideration regarding appellant's argument, here and now, in this appeal. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal
from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. (Emphasis added.) The Ohio Supreme Court reiterated this holding in State v. Szefcyk
(1996), 77 Ohio St.3d at 96.
 {¶ 11} Appellant raised claims in his motion to withdraw guilty plea that should have been previously raised on appeal. Appellant is therefore barred, pursuant to the doctrine of res judicata, from raising those issues at this time.
 {¶ 12} "The courts have allowed an exception to res judicata when a petitioner presents new, competent, relevant and material evidence dehors the record. However, evidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of Perry
by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery. Equally important, the evidence dehors the record must not be evidence which was in existence and available for use at the time of trial and which could and should have been submitted at trial if the defendant wished to use it." State v. Kenney, Cuyahoga App. Nos. 81752 and 81879, 2003-Ohio-2046.
 {¶ 13} The testimony appellant mentions in his brief was in existence and available for use at the time appellant pled guilty.[1] Appellant argues that he would have provided an eyewitness at an evidentiary hearing who could have provided exculpatory testimony. The proffered testimony in the witness affidavit, which appellant attached to his motion, is not new; it was available at the time of trial. The alleged witness is a cousin of appellant and was known to appellant when he entered his plea. Likewise, appellant's claims regarding his alleged ineffective assistance of counsel were also previously in existence and available.
 {¶ 14} Therefore, we find that appellant's assignments of error are barred by the doctrine of res judicata.
 {¶ 15} Appellant's three assignments of error are overruled.
 {¶ 16} Assuming arguendo that appellant's claims were not barred by the doctrine of res judicata, the arguments still lack merit. Crim.R. 32.1 states the following:
"Rule 32.1. WITHDRAWAL OF GUILTY PLEA
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifestinjustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
(Emphasis added.)
 {¶ 17} A defendant who seeks to withdraw a guilty plea subsequent to sentencing has the burden of establishing manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of syllabus. "The trial court has the discretion to resolve the credibility and weight of the movant's assertions in support of the motion." Id. at paragraph two of syllabus.
 {¶ 18} Determining whether there is a reasonable and legitimate basis for the withdrawal of the plea is a matter within the trial court's sound discretion. State v. Xie (1992),62 Ohio St.3d 521, at 526, citing State v. Peterseim (1980),68 Ohio App.2d 211. Absent an abuse of discretion, the trial court's decision must be affirmed. Xie, 62 Ohio St.3d at 527. In order to find an abuse of discretion, we must find that the trial court acted unjustly or unfairly and that its ruling was unreasonable, arbitrary or unconscionable. Id. at 526-527.
 {¶ 19} Appellant argues that the plea bargain was breached because the trial court essentially promised that if appellant pled guilty, his sentence would not exceed one year. However, appellant is mistaken. The sentence appellant refers to in his brief addresses only CR-449996, the case in which appellant pled guilty to attempted receiving stolen property. Appellant was actually sentenced to one year for the offense in CR-449996 and sentenced to additional time for other offenses.
 {¶ 20} In addition to appellant's argument that the trial court erred regarding his motion to withdraw guilty plea, appellant argues that his attorney's counsel was ineffective. We do not find merit in appellant's argument. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668,State v. Brooks (1986), 25 Ohio St.3d 144.
 {¶ 21} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
 {¶ 22} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, that:
"`When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle
(1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington
(1984), 466 U.S. 668. * * *
"Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison,449 U.S. 361, 364-365 (1981).' Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra,, at 694.
In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *"
 {¶ 23} Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v. Bradley, supra, at 141, 142.
 {¶ 24} Appellant failed to meet the burden of demonstrating that he was denied effective assistance of counsel. Moreover, appellant failed to demonstrate any reasonable probability, that were it not for counsel's errors, the result of the trial would have been different.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., Concurs;
 Karpinski, P.J., Dissents. (See separate Dissenting Opinion.)
[1] See appellant's brief, pp. 2-5.
 DISSENTING OPINION