OPINION
{¶ 1} The defendant-appellant, Lee Breininger ("Breininger"), appeals the judgment of the Court of Common Pleas of Defiance County, Ohio denying his motion to withdraw a previously tendered plea. Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} On March 14, 1996, the Defiance County Sheriff's Office received a report from Williams County, Ohio Department of Job and Family Services that Breininger's eight-year old granddaughter had been sexually abused by him during the period of July 1995 through September 1995. Breininger was arrested at his residence and was taken to the Defiance County Sheriff's Department along with the juvenile victim. After questioning the juvenile victim and Breininger, it was found that Breininger had engaged in numerous instances of sexual conduct and contact with his eight-year old granddaughter in Defiance County, Ohio, while he was babysitting her. Specifically, Breininger admitted that he had touched the vaginal area of the juvenile victim with his fingers 15 to 20 times; that he had attempted to engage in vaginal intercourse on at least six occasions; and that he had oral vaginal intercourse with the victim on 10 to 15 occasions. Breininger further admitted that he had viewed a pornographic video with the juvenile victim on at least four occasions.
 {¶ 3} On March 18, 1996, Breininger was arrested and charged with four (4) counts of rape, each an aggravated felony of the first degree. Breininger appeared before the Defiance Municipal Court on March 20, 1996 for arraignment, at which time he waived his right to a preliminary hearing and requested that the case be bound over to the Grand Jury of Defiance County, Ohio.
 {¶ 4} On April 9, 1996, Breininger was indicted by the Defiance County Grand Jury on twenty-six (26) counts. These charges included ten (10) counts of rape, each an aggravated felony of the first degree, punishable by life imprisonment, pursuant to R.C. 2907.02(A)(1)(b); five (5) counts of attempted rape, each an aggravated felony of the second degree, pursuant to R.C. 2907.02 and 2923.02; ten (10) counts of gross sexual imposition, each a felony of the third degree, pursuant to R.C. 2907.05; and one (1) count of disseminating matter harmful to juveniles, a felony of the third degree, pursuant to R.C. 2907.31.
 {¶ 5} Breininger was arraigned in the Court of Common Pleas of Defiance County, Ohio in April of 1996. Breininger appeared with his counsel, Charles Bates, tendered not guilty pleas to all counts and the matter was set for pre-trial conference. After the exchange of numerous pleadings, pre-trials and other hearings, Breininger entered guilty pleas to five (5) counts of rape; two (2) counts of gross sexual imposition; and one (1) count of disseminating matter harmful to juveniles. The Court accepted the pleas and found Breininger guilty of those offenses based upon the pleas, and a statement of facts by the prosecutor demonstrating that the State's evidence would support a finding that Breininger had committed the offenses, including all of the essential elements associated therewith.
 {¶ 6} Prior to accepting Breininger's pleas to the eight (8) offenses, the trial court informed Breininger of the minimum and maximum penalties that could be imposed for the offenses. The court also informed Breininger of his constitutional rights that he was waiving by tendering his pleas, including the right to trial; the right to confront the witnesses against him; the right to use the court's subpoena power to bring in any witnesses there might be for his side; the right to require the State to prove the charges beyond a reasonable doubt at a trial at which Breininger cannot be compelled to testify against himself. Breininger acknowledged his rights and responded to each question asked. Furthermore, he stated that he was not under the influence, that he was satisfied with his legal representation and that he was not compelled by any duress to enter the pleas.
 {¶ 7} The Court then proceeded to sentencing and sentenced Breininger to a term of imprisonment of ten (10) years on each count of rape, two (2) years on each count of gross sexual imposition, and two (2) years for disseminating matter harmful to juveniles. A combination of concurrent and consecutive sentences was imposed resulting in an aggregate minimum term of thirty-four (34) years and a possible maximum term of seventy-nine (79) years at the Ohio Department Rehabilitation and Corrections at Orient, Ohio.
 {¶ 8} On September 24, 2004, nine years later, Breininger filed his Motion to Withdraw a Previously Tendered Plea. On May 4, 2005, the Court found the motion to be not well taken and denied Breininger's motion without a hearing.
 {¶ 9} On May 16, 2005, the defendant-appellant filed a notice of appeal alleging the following assignment of error in his pro se brief:
THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S POST CONVICTIONCRIMINAL RULE 32.1 MOTION TO WITHDRAW HIS PLEA, AFTER DEFENDANT SHOWEDTHE TRIAL COURT THAT IT HAD WRONGLY ENTERED FINDINGS OF GUILT ON SEVERALCOUNTS THAT WERE NOT FOUND BY A JURY OR ADMITTED TO BY THE DEFENDANT
 {¶ 10} A motion to withdraw a guilty plea is governed by standards set forth in Crim.R. 32.1, which states:
A motion to withdraw a plea of guilty or no contest may be made onlybefore sentence is imposed; but to correct manifest injustice the courtafter sentence may set aside the judgment of conviction and permit thedefendant to withdraw his or her plea.
Breininger filed his motion to withdraw his guilty plea nine years after the imposition of his sentence. Therefore, the trial court could only grant his motion to withdraw his plea if it found a manifest injustice.
 {¶ 11} The Ohio Supreme Court has stated that the requirement in Crim.R. 32.1 that there be manifest injustice before the court can allow a withdraw of a guilty plea should be interpreted so as to limit the availability of withdrawals to "extraordinary cases." State v. Smith
(1977), 49 Ohio St.2d 261. The burden of demonstrating a "manifest injustice" rests with the defendant. The decision whether there is a manifest injustice to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. Id. In exercising that discretion, the trial court is the court to resolve issues of credibility and the weight of the defendant's assertions in his motion. Id.
Accordingly, "this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court." State v. Nathan (3rd Dist. 1995),99 Ohio App.2d 722, 725, 651 N.E.2d 1044, 1046.
 {¶ 12} In his assignment of error, Breininger alleges manifest injustice in that the trial court wrongly entered findings of guilt on several counts that were not found by a jury or admitted by him. However, as his only grounds for this claim Breininger argues that his plea was not knowingly, voluntarily or intelligently entered into in this case and not conducted pursuant to Crim.R. 11. Ordinarily Crim.R. 11 issues become res judicata upon lapse of the direct appeal and are not within the purview of Crim.R. 32.1 claims of manifest injustice. Statev. Rexroad, 9th Dist. No. 22214, 2004-Ohio-6271, at ¶ 9. However, in the interest of justice, we will address the Crim.R. 11 issues raised by appellant.
 {¶ 13} Crim.R. 11(C) states:
(2) In felony cases the court may refuse to accept a plea of guilty ora plea of no contest, and shall not accept a plea of guilty or no contestwithout first addressing the defendant personally and doing all of thefollowing:
 (a) Determining that the defendant is making the plea voluntarily, withunderstanding of the nature of the charges and of the maximum penaltyinvolved, and, if applicable, that the defendant is not eligible forprobation or for the imposition of community control sanctions at thesentencing hearing.
 (b) Informing the defendant of and determining that the defendantunderstands the effect of the plea of guilty or no contest, and that thecourt, upon acceptance of the plea, may proceed with judgment andsentence.
 (c) Informing the defendant and determining that the defendantunderstands that by the plea the defendant is waiving the rights to jurytrial, to confront witnesses against him or her, to have compulsoryprocess for obtaining witnesses in the defendant's favor, and to requirethe state to prove the defendant's guilty beyond a reasonable doubt at atrial at which the defendant cannot be compelled to testify againsthimself or herself.
Breininger was properly advised under Crim.R. 11 in the instant case. Regarding Crim.R. 11(C)(2)(a), the record states:
The Court: . . . Your intent, Mr. Bates, to withdraw your guilty pleaspreviously entered to Counts I and II [Gross Sexual Imposition], CountsXI, XII, XIII, XIV, XV, rape, as amended, an ag felony of the firstdegree, and Count XXVI disseminating matter harmful to juveniles, afelony of the third degree as well. Mr. Bates: That is my understanding,Your Honor.
 The Court: Mr. Breininger, you understand what your lawyer is saying onyour behalf there?
 The Defendant: Yes, sir.
* * *
The Court: You understand these charges in Counts I and II, grosssexual imposition, what those are about? What the State would have toprove to convict you of those?
 The Defendant: Yes
 The Court: Each of those carries possible determinate term ofimprisonment in the State facility of one year, one and one-half years,or a maximum of two years, fine of up to $5,000 on each of those countsimposed as well. Each of the Counts XI, XII, XIII, XIV, and XV, asamended, are ag felonies of the first degree, punishable by anindeterminate term of imprisonment as to each count, the range being notless than five nor more than 25 years, up to a possible not less than tennor more than 25 years. That is, the Court would choose a sentence five,six, seven, eight, nine, or ten to 25. Additionally, you shouldunderstand, the Court could impose those as actual incarceration, thefront end which would, in fact, you would be ineligible for any kind ofprobationary treatment or early release.
 With respect to the third-degree felony charged in the last count,Count XXVI, that also carries a possible determinant term of one year,one and one-half years, or a maximum of two years and/or a fine of up to$5,000. The aggravated felonies, Counts XI through XV inclusive, carry apotential fine of up to $10,000. You understand the nature of thesecharges and possible penalties here?
 The Defendant: Yes, sir.
 The Court: It would be up to the Court if you are convicted of allthese offenses, as to whether the sentences should run concurrently; thatis, at the same time or consecutively; that is, one after the other. * **
 So, in the event all of these offenses would run consecutively, youwould have an effective sentence of not less than 15 nor more than 131years. That would be five times 25 plus six on the three, third-degreefelonies. You understand that is potentially what could be imposed here?
 The Defendant: Yes.
 The Court: You understand specifically you are not eligible forprobation? You are not eligible for shock probation; you understand that?
 The Defendant: Yes, Sir.
 The Court: You will go to state prison.
 The Defendant: (Whereupon, the Defendant moves his head vertically.)
 The Court: If you enter these pleas, you understand that?
 The Defendant: Yeah.
Hearing Tr. at pp. 5-8.
 {¶ 14} The record in this case establishes that Crim.R. 11(C)(2)(a) has been satisfied. The trial court personally addressed Breininger regarding his pleas of guilty in accordance with Crim.R. 11(C)(2). Breininger responded that he did understand the nature of the charges that he was pleading guilty to. The trial court informed the defendant of the maximum penalty that may be involved in the sentencing by the trial court. The trial court also stated that Breininger would not be eligible for probation but rather would be required to go to state prison.
 {¶ 15} With respect to Crim.R. 11(C)(2)(b), the record states:
The Court: It is within the Court's authority to immediately go aheadand sentence you if I accept your pleas of guilty; you understand that?
 The Defendant: Yes.
Hearing Tr. at pp. 7-8.
 {¶ 16} Pursuant to Crim.R. 11(C)(2)(c), the record states:
The Court: Normally, to convict you of criminal offenses, the State hasto prove every element of the offense beyond a reasonable doubt. That isa very high standard of proof. You enter pleas of guilty, you areadmitting that the charges are true. The State will not have to proveanything, there will be no trial. Your guilty pleas will result in yourconviction and you will be exposed to the penalties I have described; youunderstand that?
 The Defendant: Yes, sir.
 The Court: If you did choose to go to trial in this matter, it would beyour choice, not the State's choice, as to whether there was a trial to aJudge sitting alone or a Judge with a jury of 12. In either case, Judgetrial or jury trial, the State would have to prove the charges beyond areasonable doubt to convict you. You chose a jury trial, unanimousverdict would be required; that is, each and every juror would have toagree before they could find you guilty. You are giving up your right totrial to the Court or trial by jury if you enter these pleas of guilty;you understand that?
 The Defendant: Yes, sir.
 The Court: At trial, you would have the right to confront the witnessesagainst you. That is, to face your accusers in open court. You have theright to the help of your lawyer at trial, including the right tocross-examine witnesses. You could not be forced to testify againstyourself, but you would have the right to testify in your own behalf ifyou choose to.
 Also have the right to use Court's subpoena power to bring in anywitnesses there might be for your side. You are effectively giving up allthose rights if you enter the plea of guilty; you understand that?
 The Defendant: Yes.
 The Court: In a case like this, you have the right to appeal to ahigher court. You have the right to appeal through a Court-appointedlawyer. While you still have the right to appeal, the Court has not madeany evidentiary rulings or legal rulings in this matter that you canassign as error. And if you admit these charges by entering pleas ofguilty, you are unlikely to succeed on appeal. * * *; you understandthat?
 The Defendant: Yes, sir.
* * *
The Court: * * * Taking all those things into account, you think thesepleas are in your best interest.
 The Defendant: I do, sir.
* * *
The Court: Are you clear in your own mind as to the effect of enteringthese pleas?
 The Defendant: Yes.
 The Court: You understand how serious these matters are? TheDefendant: Yes.
 The Court: Any questions you want to ask me about these pleaproceedings?
 The Defendant: No.
Hearing Tr. at pp. 8-11.
 {¶ 17} In sum, the record establishes that Crim.R. 11(C)(2)(a) has been satisfied. Moreover, the record indicates that in determining the motion to withdraw the plea the trial court did obtain and review a complete transcript of the prior plea proceedings from nine years earlier. Based on this record it is our conclusion that Breininger was properly advised under Crim.R. 11 and that the pleas were knowingly, intelligently and voluntarily entered.
 {¶ 18} There being no other indication of manifest injustice supported in the record, we find no error in the trial court's denial of the motion to withdraw the plea in this case. Accordingly, Breininger's assignment of error is overruled and the judgment and sentence of the Court of Common Pleas of Defiance County is affirmed.
Judgment affirmed.
 Cupp, P.J. and Bryant, J., concur.