OPINION
{¶ 1} William Totten, defendant-appellant, appeals from two judgments of the Franklin County Court of Common Pleas, in which the trial court denied appellant's motion to withdraw his no contest plea and denied his motion for order of laboratory toxicology reports.
 {¶ 2} On March 23, 1999, appellant was charged with one first-degree count and one second-degree count of possession of cocaine, which are both violations of R.C. 2925.11, after being pulled over in his vehicle. On October 1, 1999, the trial court conducted a hearing on appellant's motion to suppress evidence of cocaine discovered in his vehicle. After the court denied appellant's motion to suppress, appellant entered a no contest plea to both counts. The trial court found appellant guilty of two counts of possession of cocaine, and, on April 12, 2000, the trial court sentenced appellant to seven years incarceration on each count, to be served concurrently, and imposed a $17,500 fine. Appellant filed an appeal with this court on May 11, 2000, in which he assigned as error the trial court's denial of his motion to suppress. In State v. Totten (Feb. 15, 2001), Franklin App. No. 00AP-535, this court affirmed the trial court's decision. The Ohio Supreme Court denied appellant leave to appeal in State v. Totten (2001), 92 Ohio St.3d 1428.
 {¶ 3} On September 8, 2004, appellant filed in the trial court a motion for an order of laboratory toxicology reports from the Ohio Bureau of Criminal Identification and Investigations. On February 16, 2005, the trial court denied the motion on the basis that it had no authority to order the reports be turned over to appellant. Appellant appealed the trial court's judgment to this court.
 {¶ 4} On April 4, 2005, appellant filed a motion to withdraw his no contest plea in the trial court. On May 11, 2005, the trial court denied appellant's motion. Appellant also filed an appeal of this judgment with this court. This court then sua sponte consolidated appellant's two appeals. Appellant asserts the following assignments of error with regard to the trial court's judgment denying his motion for laboratory toxicology reports:
[I.] THE COURT ERRED, WHEN THE JUDGE FAILED TO RULE ON THE MERITS OF APPELLANT'S MOTION IN THIS CASE[.]
[II.] THE COURT ERRED, WHEN THE JUDGE FAILED TO ACKNOWLEDGE STATUTORY LAW § 149.43 (B) (4)[.]
[III.] THE COURT ERRED, WHEN THE JUDGE FAILED TO ACKNOWLEDGE THE COURT HAS JURISDICTION[.]
Appellant asserts the following assignments of error with regard to the trial court's judgment denying his motion to withdraw his no contest plea:
[IV.] OHIO REVISED CODE § 2925.11, IDENTITY OF CONTROLLED SUBSTANCE.
[V.] THE JUDGE ABUSED ITS AUTHORITY AND DISCRETION IN FINDING THE DEFENDANT GUILTY OF THE CHARGE POSSESSION WITHOUT ANY EVIDENCE TO SUPPORT THE CHARGE[.]
[VI.] MISCONDUCT OF THE PROSECUTION MAKING STATEMENTS NOT SUPPORTED BY ADMISSIBLE EVIDENCE.
[VII.] DEFENDANT'S ATTORNEY ALLOWED THE PROSECUTING ATTORNEY TO PREJUDICE THE COURT WITH STATEMENTS WHICH WERE NOT SUPPORTED BY ADMISSIBLE EVIDENCE.
 {¶ 5} We will address appellant's fourth, fifth, sixth, and seventh assignments of error first, as our resolution of these assignments of error is relevant to the issues raised in the remaining assignments of error. We will also address these four assignments of error together, as they are all related. Appellant argues in these assignments of error that the trial court erred in denying his motion to withdraw his no contest plea. A trial court may permit the withdrawal of a no contest plea after the imposition of sentence only to "correct manifest injustice." Crim.R. 32.1; see, also, State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "This term has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." Id. at 264. The burden is on the defendant seeking to withdraw the plea. Id. at paragraph one of the syllabus. This court will not reverse a trial court's denial of a motion to withdraw a plea of no contest absent an abuse of discretion on the part of the trial court. State v. Nathan (1995), 99 Ohio App.3d 722, 725. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} The main crux of appellant's argument on appeal, as well as his motion before the trial court, is that evidence of the crack cocaine was never introduced or presented to the trial court to establish the identity and quantity of the substance. Appellant contends that the trial court erred by not requesting to see any evidence to support the identity of the cocaine at the motion to suppress hearing and that the prosecuting attorney engaged in misconduct at the plea hearing when he implied there had been evidence introduced identifying the substance found in appellant's car.
 {¶ 7} Appellant has failed to demonstrate a manifest injustice with regard to this issue. Initially, we note the state contends that, because appellant failed to raise the issue of whether there was any evidence presented identifying the substance confiscated as cocaine upon direct appeal, and because he relies upon transcripts from the motion to suppress hearing and the plea hearing that were not outside the trial court record, res judicata prevents consideration of this argument. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. Many courts have recently held that a criminal defendant cannot raise any issue in a post-sentence motion to withdraw a plea that was or could have been raised at trial or on direct appeal. See, e.g., State v. Breininger, Defiance App. No. 4-05-14, 2005-Ohio-4748, at ¶ 12; State v. Robinson, Cuyahoga App. No. 85266, 2005-Ohio-4154, at ¶ 11; State v. King, Auglaize App. No. 2-05-08, 2005-Ohio-3234, at ¶ 10; State v. Reed, Mahoning App. No. 04 MA 236, 2005-Ohio-2925, at ¶ 11; State v. Tracy, Licking App. No. 04-CA-25, 2005-Ohio-1613, at ¶ 14, 17; State v. Zhao, Lorain App. No. 03CA008386, 2004-Ohio-3245, at ¶ 7-8. However, at least in the context of an R.C. 2943.031 violation claim, this court has suggested that a defendant is not required to appeal his conviction so as to preserve the issue raised in a Crim.R. 32.1 motion to withdraw. See State v. Yuen,
Franklin App. No. 01AP-1410, 2002-Ohio-5083.
 {¶ 8} Notwithstanding, even if res judicata does not apply, appellant's argument that there was never any evidence presented identifying the substance confiscated as cocaine would be without merit. Appellant pled no contest to the charge below. Pursuant to Crim.R. 11(B)(2), "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." In other words, a no contest plea is an admission to the facts as laid out by the prosecution. State v.Puterbaugh (2001), 142 Ohio App.3d 185, 190. Thus, by pleading no contest, a defendant waives his right to a jury and his right to have the state prove guilt by evidence beyond a reasonable doubt. Crim.R. 11(C)(2)(c); State v. Trikilis (July 31, 1996), Medina App. No. 2511-M. Therefore, in the present case, as appellant pled no contest, the state was not required to present evidence of the identity or quantity of the cocaine, through laboratory tests or otherwise. It was sufficient that the state alleged in the indictment and at the plea hearing that the substance found in appellant's vehicle was crack cocaine, it was identified as such pursuant to laboratory tests, and it was confiscated in the amount as stated. By pleading no contest, appellant admitted to these facts, and his signed plea agreement specifically indicated that he understood such. For this reason, appellant can show no manifest injustice in this regard.
 {¶ 9} Appellant also seems to argue within these assignments of error that the trial court did not fulfill its duties, pursuant to Crim.R. 11, to explain the consequences of his plea. Some courts have found that Crim.R. 11 issues become res judicata upon lapse of the direct appeal and are not within the purview of Crim.R. 32.1 claims of manifest injustice.Breininger, at ¶ 12, citing State v. Rexroad, Summit App. No. 22214,2004-Ohio-6271, at ¶ 9; State v. Reed (Oct. 5, 2001), Clark App. No. 01CA0028. However, even if res judicata does not apply, appellant failed to raise this issue in his original motion to withdraw his no contest plea filed with the trial court. It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived. State v. Comen (1990),50 Ohio St.3d 206, 211. Further, it has been specifically held that failure to present an argument in a post-sentence motion to withdraw a guilty plea waives the argument for purposes of appeal. See State v.Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, at ¶ 33. Thus, appellant has waived this argument. We do note that, although appellant mentioned Crim.R. 11 in a reply to the state's memorandum contra his motion to withdraw, the reply was filed untimely and two days after the trial court's judgment denying appellant's motion. Notwithstanding, although it is unclear, it appears as though appellant's argument in his reply was that the trial court violated Crim.R. 11 because the statement of facts as alleged by the state failed to establish all the elements of the offense; namely, the identity and amount of the substance confiscated from his vehicle. However, as explained above, the state was not required to present any evidence proving that the substance found was cocaine, as appellant's no contest plea made such unnecessary. See Crim.R. 11(B)(2) and 11(C)(2)(c). It was sufficient that the state, in both the indictment and at the plea hearing, recited the facts, stated the substance seized was cocaine, and specified the amount seized. Therefore, for these reasons, appellant failed to show a manifest injustice in this regard.
 {¶ 10} Appellant also apparently argues he was denied effective assistance of counsel when his trial counsel failed to advise him to have the matter tried before a jury because the state never entered into evidence the alleged cocaine and there were no laboratory reports entered into evidence to establish the identity of the cocaine. However, because we have found that the state was not required to produce any evidence to establish the identity or quantity of the cocaine, there can be no manifest injustice in this respect. Appellant also seems to argue that his trial counsel was ineffective in failing to respond to a letter he wrote to his trial counsel in November 2004, and later failing to give his cousin evidence of the laboratory reports when she went to his trial counsel's law offices. However, neither of these incidents have any bearing upon appellant's no contest plea in February 2000. Therefore, this argument fails to demonstrate a manifest injustice.
 {¶ 11} In addition, we note that appellant filed his motion to withdraw his no contest plea five years after entering his plea. Although not determinative on its own, an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor that may adversely affect the credibility of the movant and militate against the granting of the motion. See State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶38-43; see, also, Smith, paragraph three of the syllabus; State v.Robinson, Ashtabula App. No. 2003-A-0125, 2005-Ohio-5287, at ¶ 33 (two and one-half year delay adversely affected the credibility of the defendant and weighed against allowing defendant's plea to be withdrawn); State v. Coleman, Franklin App. No. 03AP-219, 2003-Ohio-7234, at ¶ 10 (lack of explanation for filing Crim.R. 32.1 motion four years after entering his no contest pleas adversely affected appellant's credibility and militated against granting the motion). Thus, appellant's five-year delay would also weigh against the granting of his motion. For all of the above reasons, we find appellant's motion to withdraw his no contest plea failed to demonstrate a manifest injustice had occurred. Therefore, appellant's fourth, fifth, sixth, and seventh assignments of error are overruled.
 {¶ 12} We will address appellant's first, second, and third assignments of error together, as they are related. Appellant argues in these three assignments of error that the trial court erred when it denied his motion for laboratory toxicology reports filed pursuant to R.C. 149.43(B)(4), which provides:
(4) A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.
 {¶ 13} In his motion, appellant argued that he wanted the laboratory reports because they were never introduced as evidence against him at any of the hearings. The motion also contains a suggestion that the laboratory reports would not substantiate the state's claims that the substance confiscated from appellant was cocaine. The trial court denied appellant's motion, stating:
Defendant's September 8, 2004, Motion for Order of Lab Reports Toxicology Reports from B.C.I. (sic) is DENIED.
This Court has no authority to order that the reports requested by Defendant be turned over to him.
(Emphasis sic.)
 {¶ 14} The precise reasoning of the trial court is unclear by its terse entry. It appears as though the trial court may have construed appellant's motion as a request that the trial court order the reports turned over and not a request merely to make a finding that he has a justiciable claim under R.C. 149.43(B)(4). The trial court is correct that R.C. 149.43(B)(4) does not grant it authority to order the public office to produce the records for appellant. Pursuant to R.C. 149.43(B)(4), the trial court could make only a finding that appellant has a justiciable claim.
 {¶ 15} However, our review of appellant's motion leads us to conclude that the request was sufficient to constitute a proper request under R.C. 149.43(B)(4) that the trial court make a finding of whether he has a justiciable claim. Though inartfully drafted, appellant cites R.C.149.43(B)(4) and quotes the pertinent statutory language in his motion, which suggests appellant realized he needed an order from the court finding he had a justiciable claim. Notwithstanding that appellant's motion should have been construed as a proper request under R.C.149.43(B)(4), however, we have already determined above that the state was not required to present the laboratory reports to prove the identity or quantity of the substance found in appellant's vehicle because appellant pled no contest to the charges against him. By pleading no contest, appellant was admitting to the facts as alleged in the indictment and presented by the state, including that the identity of the substance was cocaine and the quantity found constituted one first-degree violation and one second-degree violation of R.C. 2925.11. Given our findings above, appellant cannot demonstrate the information sought in the public record is necessary to support what appears to be a justiciable claim. Therefore, we find the trial court did not err in denying appellant's motion for laboratory toxicology reports from the Ohio Bureau of Criminal Identification and Investigations, albeit for a different reason. Therefore, appellant's first, second, and third assignments of error are without merit and must be overruled.
 {¶ 16} Accordingly, appellant's seven assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas denying appellant's motion for an order of laboratory toxicology reports and motion to withdraw his no contest plea are affirmed.
Judgments affirmed.
Petree and Sadler, JJ., concur.