[Cite as *State v. Price*, 2012-Ohio-3068.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 5-11-45

      v.

ARMOND PRICE,                           **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2009 CR 230

**Judgment Affirmed**

Date of Decision: July 2, 2012

APPEARANCES:

    *Armond Price*, **Appellant**

    *Mark C. Miller and Alex K. Treece* **for Appellee**

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Armond Price ("Price"), pro se, appeals the judgment entry of the Hancock County Court of Common Pleas denying his motion to withdraw his guilty plea. The motion was made nearly a year after his sentencing. On appeal, Price contends that the trial court erred in denying his motion because his conviction violated his due process rights, because he claims it was based upon a substance that was not listed within the schedule of controlled substances. He further asserts that he was denied effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 17, 2009, Price was indicted for knowingly possessing a Schedule I controlled substance in an amount equal to or exceeding five times the bulk amount but less than fifty times the bulk amount, a violation of R.C. 2925.11(A), a felony of the second degree. The indictment listed the drugs as (MDMA -- Methylenedioxymethamphetamine). Price and a co-defendant, Mack Rodgers, were charged when the drugs (199 pills) were discovered after a traffic stop on I-75. A plea agreement was eventually reached with Price, resulting in him pleading guilty to a lesser included offense for a smaller amount of drugs and thereby reducing the offense to a third degree felony. After entering his guilty plea, the matter proceeded to sentencing on October 27, 2010. The trial court

adopted the joint recommendation of the parties and sentenced Price to four years in prison. (*See* Oct. 28, 2010 J.E)

{¶3} Price's co-defendant, Rodgers, was found guilty after a jury trial and he was sentenced to seven years in prison. *See State v. Rodgers*, 3d Dist. No. 5-10-35, 2011-Ohio-3003 (affirming Rodgers' conviction). Prior to Rodger's trial, the State learned that the substance found in the vehicle was not MDMA, but actually N–Benzylpiperazine (otherwise known as "BZP"). The State notified Rodgers' trial counsel and amended the indictment. The amendment did not change the identity of the offense (it was still an aggravated possession of drugs), nor did it change the level of offense (since both MDMA and BZP are Schedule I drugs). *See State v. Rodgers* at ¶ 42.

{¶4} On July 27, 2011, Price filed a motion for judicial release. This was opposed by the State, and on August 23, 2011, the trial court denied his motion.

{¶5} On September 23, 2011, Price filed a "Motion to Withdraw No Contest Plea"[1] pursuant to Crim.R. 32.1. Price claimed his plea was not knowing and voluntary, as required by Crim.R. 11, and that his constitutional rights were violated because of ineffective assistance of counsel. Price argued that the trial court should allow Price to withdraw his plea to correct a "manifest injustice" because the drug he possessed was not MDMA, as listed on the indictment, but

---

[1] The record indicates that Price entered a plea of *guilty* according to the plea agreement, signed August 30, 2010, and the Judgment Entry from the change of plea hearing, stating that he entered a plea of *guilty*. (*See* Sept. 10, 2010 J.E.) Price did not provide a transcript of the change of plea hearing for our review.

rather BZP, as determined by the laboratory report in his co-defendant's case. Price further argued that BZP was not a Schedule I controlled substance listed under R.C. 3719.41 and, therefore, he could not have possibly committed the crime to which he pled guilty. He also contended that the amount of BZP listed in the lab report was insufficient to support the indictment for the offense to which he pled guilty. Related to this, he asserted that his counsel was ineffective for allowing him to plead guilty to possession of a substance that was not specified in the indictment and was not listed as a Schedule I controlled substance.

{¶6} On November 17, 2011, without holding a hearing, the trial court denied Price's motion to withdraw his plea. The trial court held that Price had failed to set forth any facts that would justify the court setting an evidentiary hearing and that he had failed to establish that a manifest injustice had occurred.

{¶7} The trial court found that his motion was barred by res judicata because he had brought the motion after the time for direct appeal and post-conviction relief had passed. Therefore, res judicata barred any subsequent attempts that could have been raised. (Nov. 17, 2011 J.E.) Furthermore, the trial court found that even if Price's motion had not been barred by res judicata, it still would have been denied because there was no basis for any of his claims that a manifest injustice had occurred.

-4-

Case No. 5-11-45

**{¶8}** First, the trial court explained that BZP *was* a Schedule I controlled substance, even if was not listed under R.C. 3719.41.

> Ohio's list of Schedule I controlled substances is automatically altered when the federal government adds a particular drug on its list of controlled substances. R.C. 3719.41. BZP (N-Benzylpiperazine) is a Schedule I controlled substance under 21 C.F.R. Sec. 1308.11(f)(2). Furthermore BZP has been on the Schedule I list, on a permanent basis, since March 18, 2004.[2]

(Nov. 17, 2011 J.E., p. 4) And, the trial court further explained that the *amount* of the drug was sufficient to satisfy the quantity requirements for the offense, either as listed in the indictment or for the offense to which he pled. At his co-defendant's trial, a criminalist testified as to the laboratory report's accuracy and further testified that the bulk amount for this particular drug was ten pills. This testimony corresponded with R.C. 2925.01(D)(1)(C), which states that the bulk amount for a Schedule I stimulant (such as BZP) is "thirty grams or *ten unit doses*." (J.E., p. 5) The lab report and testimony indicated that at least 199 pills – or unit doses – of BZP were found in the vehicle.

**{¶9}** The trial court also explained that Price's claim of ineffective assistance of counsel failed because he could not show that he suffered any prejudice. As the trial court stated above, BZP was a prohibited Schedule I substance. *See Rodgers*, 2011-Ohio-3003, at ¶ 24. If the issue had been raised, the trial court would have allowed for amendment of the indictment either prior to

---

[2] *See State v. Rodgers*, Case No. 05-10-35, which issued a Judgment Entry on November 3, 2011, holding that BZP is in fact listed as a Schedule I drug in the Controlled Substance Schedule in R.C. 3719.41(E)(2).

-5-

the plea or to a trial, just as was done in the case of his co-defendant. *See Rodgers, supra.*

{¶10} The trial court did note that the laboratory report, listing the correct substance, was provided to Price's counsel on June 23, 2010, well before the plea hearing, and that Price should have been informed of the discrepancy between the controlled substance actually found in the vehicle and the controlled substance listed in the indictment. However, because a motion to amend the indictment would have been granted had the matter been raised, the outcome would have been no different. (J.E., p. 7)

{¶11} Price now appeals the denial of his motion to withdraw his plea, raising the following two assignments of error for our review.

### First Assignment of Error

**The trial court erred when it denied [Price's] motion to withdraw his guilty plea based upon the conviction being based on a drug substance that was not listed within the schedule of controlled substances pursuant to R.C. 3719.41(E)(2) thereby violating his due process rights pursuant to the Sixth and Fourteenth Amendments of the United States Constitution, and Sections Five and Sixteen, Article One and Section Four, Article IV of the Ohio Constitution.**

### Second Assignment of Error

**The trial court erred when it denied [Price's] motion to withdraw his guilty plea based upon ineffective assistance of counsel, thereby violating [Price's] constitutional right to the effective assistance of counsel pursuant to the United States**

**Constitution Sixth Amendment, and the Ohio Constitution, Article I, Section 10.**

{¶12} Because both of Price's assignments of error are closely related, we shall address them together. They both allege that the trial court erred when it denied his motion to withdraw his guilty plea.

{¶13} Appellate review of a trial court's denial of a motion to withdraw guilty pleas pursuant to Crim.R. 32.1 is for an abuse of discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist. 1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles,* 2d Dist. No. 23037, 2010–Ohio–278, ¶¶ 17–18, citing Black's Law Dictionary (8 Ed.Rev .2004) 11.

{¶14} Price's motion to withdraw his plea was filed more than a year after he originally entered his guilty plea, and nearly eleven months after he was sentenced, so it is considered a "postsentence" motion. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty* * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A manifest injustice is an exceptional defect in the plea proceedings, *State v. Vogelsong*, 3d Dist. No. 5–06–60, 2007–Ohio–4935, ¶ 12, or a "'clear or openly unjust act.'" *State v. Walling*, 3d Dist. No. 17–04–12, 2005–Ohio–428, ¶ 6,

quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998–Ohio–271. Additionally, under the manifest injustice standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d at 264. Crim.R. 32.1 requires a defendant making a postsentence motion to withdraw a plea to demonstrate manifest injustice because it is designed "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

{¶15} This Court has previously stated that "[t]rial courts and thereafter reviewing courts, when presented with a motion to withdraw a guilty plea brought after the time for direct appeal or post-conviction relief, should consider first whether the claims raised in the motion are barred by res judicata. If the claim is not barred, the court should then apply the manifest injustice standard in accordance with Crim. R. 32.1." *State v. Reynolds*, 3d Dist. No. 12-01-11, 2002-Ohio-2823, ¶ 27. Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised *or could have been raised on appeal.* (Emphasis added.) *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831, ¶ 59. "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *Id.*, citing to *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, ¶ 9;

*State v. Totten*, 10th App. No. 05AP-278 and 05AP-508, 2005-Ohio-6210, , ¶ 7 (collecting cases).

{¶16} Price did not file an appeal or motion for post-relief conviction within the mandated time frames, even though all of the information that he claims was the basis for his motion for withdrawal was available at those times and he *could have* raised these issues then. Therefore, his motion is barred by res judicata. The trial court did not abuse its discretion in denying Price's motion.

{¶17} And further, as explained by the trial court, even if his plea withdrawal would not have been barred by res judicata, Price failed to demonstrate a manifest injustice. The BZP found in Price's possession *was* a controlled substance. *See Rodgers*, 2011-Ohio-3003, at ¶ 24. This information was a part of the record long before Price entered his guilty plea. Price's signed plea agreement did not specify the type of controlled substance, but stated merely that he was entering "a plea of GUILTY to a violation of Ohio Revised code, Section 2925.11(A), Aggravated Possession of Drugs, a felony of the third degree, and a lesser included offense contained within the Indictment, charging a violation of Ohio Revised code, Section 2925.11(A), Aggravated Possession of Drugs, a felony of the second degree." (Aug. 30, 2011 Plea of Guilty). R.C. 2925.11(A) states, "No person shall knowingly obtain, possess, or use a controlled substance." The complained of error which Price alleges invalidated his guilty plea could have

been easily resolved by the trial court and would not have affected the outcome of his case.

{¶18} Price never asserts that he would not have pled guilty if the indictment had been amended, as it was in his co-defendant's case. Price pled guilty to a lesser included offense and received a four-year sentence compared to his co-defendant, who received a seven-year sentence after a jury returned a guilty verdict to the amended charge. Price has not suffered any prejudice that would have rendered his guilty plea invalid, or that would have constituted ineffective assistance of counsel. Both of Price's assignments of error are overruled.

{¶19} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON and ROGERS, J.J., concur.**

**/jlr**