OPINION
{¶ 1} Appellant, Robert L. Robinson Jr. ("Robinson"), appeals the June 26, 2003 judgment entry of the Ashtabula County Court of Common Pleas, denying his Crim. R. 32.1 motion to withdraw a guilty plea.
 {¶ 2} On July 6, 2000, Robinson was indicted by the Ashtabula County Grand Jury on one count of attempted murder, with a firearm specification, in violation of R.C. 2923.02(A) and R.C. 2903.02(A), a first degree felony. The charges arose from Robinson's involvement in the June 3, 2000 shooting of his girlfriend, Robin Green ("Green"), at their home in Ashtabula, Ohio.
 {¶ 3} At his arraignment, Robinson entered a plea of not guilty. On November 27, 2000, Robinson withdrew his not guilty plea and entered both a written and oral guilty plea, pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, to the charges of the indictment. The trial court accepted Robinson's plea, and at the same hearing, imposed a prison term of three years on the firearm specification to be served consecutively with a three-year prison term on the attempted murder charge, for a total of six years incarceration.
 {¶ 4} On April 25, 2003, Robinson filed a motion to withdraw his guilty plea entered on November 27, 2000, alleging prosecutorial misconduct and ineffective assistance of counsel. On June 26, 2003, the court denied the motion to withdraw without conducting a hearing. On November 25, 2003, Robinson filed a notice of appeal and motion for delayed appeal from that judgment, which was granted by this court.
 {¶ 5} Robinson raises a sole assignment of error for our review:
 {¶ 6} "The trial court committed reversible error and abused its discretion in denying leave to withdraw guilty plea without a hearing where appellant alleged that counsel failed in his ethical duty and that the prosecution committed misconduct by suppressing exculpatory evidence, thereby violating the appellant's right to effective assistance of counsel and due process of the law."
 {¶ 7} Crim. R. 32.1 permits a defendant to file a motion to withdraw his or her guilty plea prior to sentencing. A party making a postsentence motion to withdraw a guilty plea must demonstrate that the withdrawal is necessary to correct a manifest injustice. Crim. R. 32.1; State v.Pearson, 11th Dist. Nos. 2002-G-2413 and 2002-G-2414, 2003-Ohio-6962, at ¶ 7. A manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. State v. Talanca (Dec. 23, 1999), 11th Dist. No. 98-T-0158, 1999 Ohio App. LEXIS 6257, at 7.
 {¶ 8} Although a trial court must hold a hearing to determine if there is a reasonable basis for the withdrawal of a presentence guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced a party.State v. Hudach, 11th Dist. No. 2003-T-0110, 2004-Ohio-6949, at ¶ 28. In arriving at its decision, a trial court has the discretion to determine the credibility and weight of the movant's contentions. Id. at ¶ 29. Hence, a trial court's decision on a postsentence motion to withdraw a guilty plea will be reversed only for an abuse of discretion. Id. at 30. In those situations where the trial court must consider a postsentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require the trial court to permit withdrawal of the plea. State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at 5.
 {¶ 9} Stated in another way, "if the defendant fails to submit evidence containing sufficient operative facts to demonstrate that his plea was not entered into knowingly and voluntarily, and the record indicates that the defendant is not entitled to relief, the trial court may dismiss the motion without a hearing." Id.
 {¶ 10} Moreover, a defendant's own self-serving allegations are insufficient to rebut a record demonstrating that the plea was properly made. State v. Young (Oct. 22, 1999), 11th Dist. No. 98-T-0128, 1999 Ohio App. LEXIS 4978, at 13, citing State v. Perry (May 2, 1997), 11th Dist. No. 95-T-5315, 1997 Ohio App. LEXIS 1798.
 {¶ 11} With respect to the defendant's burden, this court has noted that: "`[i]mplicit in this [standard] is the recognition that a court's adherence to Crim. R. 11 raises a presumption that the plea was voluntarily entered. * * * The proponent of the motion to withdraw the plea has the burden of rebutting that presumption by demonstrating that the plea was infirm. The motion to withdraw a plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. * * * Thus, the scope of the hearing to be held on the Crim. R. 32.1 motion should be reflective of the substantive merit of the motion itself. Hence, bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit. * * *.'" (Citations omitted.) State v. Haney
(Sept. 8, 1995), 11th Dist. No. 95-L-001, 1995 Ohio App. LEXIS 3914, at 8, quoting State v. Hall (Apr. 27, 1989), 8th Dist. No. 55289, 1989 Ohio App. LEXIS 1602.
 {¶ 12} In its June 26, 2003 judgment entry, the trial court denied Robinson's motion, stating: "[Robinson] has provided no substantial or credible evidence that his guilty plea was not made voluntarily, that he did not understand the rights he waived in the course of making the guilty plea[.] * * * This court finds there is no evidence of ineffective assistance of counsel nor prosecutorial misconduct, and therefore, [Robinson's] Motion to Withdraw his Guilty Plea is hereby overruled."
 {¶ 13} In his motion to withdraw, Robinson alleged that he received ineffective assistance of counsel, and prosecutorial misconduct, as to two matters. First, Robinson submitted an affidavit from Green, purportedly executed on March 28, 2003, alleging that the investigating officers manipulated her statements and "made it appear as if I had indicated the shooting to be a deliberate attempt on my life by Mr. Robinson."[1] The second issue involves a report from the Bureau of Criminal Investigation ("BCI"), concerning a gunshot residue test performed on Robinson's hands after the shooting incident. The report indicates that there was no debris or blood on Robinson's hands, and that he had not washed his hands since the shooting.
 {¶ 14} In general, a properly licensed attorney is presumed to have rendered effective assistance in representing a defendant in a criminal action. Kerns at 7. In State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, the Supreme Court of Ohio held: "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."
 {¶ 15} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 16} A reasonable probability is that quantum of proof sufficient to undermine confidence in the outcome. Strickland v. Washington (1984),466 U.S. 668, 694. In order to prove ineffective of counsel in the context of a conviction based on a guilty plea, a defendant must demonstrate that his attorney's performance was deficient and that the defendant was prejudiced by the deficient performance. Kerns, at 7.
 {¶ 17} Specifically, the defendant must show that there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty and would have insisted on going to trial. Id. However, this court in State v. Sopjack (Dec. 15, 1995), 11th Dist. No. 93-G-1826, 1995 Ohio App. LEXIS 5572, at 11, stated: "the mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily."
 {¶ 18} Having carefully considered the record, we conclude that there is no evidence to show that Robinson's attorney was deficient in his representation.
 {¶ 19} In support of his motion, Robinson produced an affidavit from Green in which she contends that she was coerced by the Ashtabula County Prosecutor's Office into making the statements incriminating Robinson as the person who shot her with an intention to kill or inflict serious injury. However, Robinson offered no evidence to demonstrate defense counsel's awareness of the information and allegations contained in that affidavit, which was executed nearly two and one-half years after the plea hearing. Moreover, Robinson fails to present any evidence that the purported coercion of Green by the Ashtabula Prosecutor's Office prevented him from making a "knowing and voluntary plea."
 {¶ 20} We reach a similar conclusion with regard to Robinson's argument that his counsel was ineffective for failing to advise the trial court of the BCI Report at his plea hearing. Robinson alleges the report contained exculpatory information that proved "he was not the shooter." First, upon a review of the record, we do not agree that the report contained information establishing that Robinson was not the shooter. The report contained information that there was no debris on Robinson's hands and he had not washed them. Next, we note that the record reflects that his defense counsel negotiated an Alford plea, under which Robinson claimed the shooting was an accident, not that someone else was the shooter. Thus, his counsel was not deficient in failing to bring information from the BCI report to the attention of the court at his plea hearing.
 {¶ 21} A review of the record indicates that Robinson was willing to plead guilty during his June 9, 2003 hearing. The record reveals that not only did Robinson's counsel explain aspects of the negotiated plea to him before he entered his plea, but that Robinson also understood the nature of the proceedings.
 {¶ 22} In his written plea, which was signed by both Robinson and his attorney, Robinson stated in pertinent part the following:
 {¶ 23} "I understand the nature of the charges against me, and the possible defenses I might have. * * * I understand the maximum penalty could be: a maximum basic prison term * * * of 3, 4, 5, 6, 7, 8, 9, or 10 years * * * and * * * I shall serve a mandatory term of three (3) years in prison to the gun specification. I understand that I am not eligible for judicial release during the first three years of my prison term. * * * I am satisfied with my attorney's advice, counsel, and competence. I understand by pleading guilty I give up my right to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses * * * for me."
 {¶ 24} Moreover, the transcript of the plea hearing indicates that the trial court strictly complied with the requirements of Crim. R. 11 when accepting Robinson's plea, including the charges, the potential penalties, and his rights in relation thereto. If he was not satisfied with his attorney's representation, Robinson could have informed the trial court of this fact at that time.
 {¶ 25} At the plea hearing, Robinson admitted that he was the shooter. However, he asserted that because he was intoxicated, the shooting was an accident. Thus, any potential information in the BCI report, indicating that he was not the shooter, is not evidence that he did not knowingly and voluntarily enter into his plea. For Robinson to now argue that his guilty plea was somehow affected by his attorney's alleged deficient performance, without providing any evidence rebutting his written, and oral, voluntary entry of a guilty plea, is completely inconsistent with the record.
 {¶ 26} Next, Robinson alleges prosecutorial misconduct on the basis of the affidavit by Green, alleging that her statements regarding the shooting were "manipulated" by the Ashtabula Prosecutor's Office to charge Robinson with attempted murder.
 {¶ 27} In State v. Calhoun (1999), 86 Ohio St.3d 279, 284, the Supreme Court of Ohio noted: "[I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of their petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." (Emphasis added.) See also, State v. Whiteman,
11th Dist No. 2001-P-0096, 2003-Ohio-2229, at ¶ 43.
 {¶ 28} Even though Calhoun only addressed the credibility of affidavits submitted with petitions for postconviction relief, this court has determined that the same principle of law also applies to affidavits filed in support of a motion to withdraw a guilty plea. State v.Christley (May 29, 2000), 11th Dist. No. 99-P-022, 2000 Ohio App. LEXIS 2140. To hold otherwise would require a hearing every time a defendant filed a motion to withdraw a guilty plea. See, e.g., Calhoun at 284.
 {¶ 29} In its judgment entry denying Robinson's motion to withdraw his plea, the court noted the inconsistency of statements concerning the shooting made by Green. On the day of the incident and four days later, Green told Ashtabula City Patrolman Koski and Detective Puoska, that Robinson shot her, and she thought he intended to kill her or inflict serious injury. It was only later, after the investigation statements were taken, that the Ashtabula County Prosecutor's office became involved in the case. Moreover, the court gave credibility to the statements made to Koski and Puoska, because they were made immediately after the shooting. Thus, we find the court properly weighed the credibility of the contradictory statements.
 {¶ 30} Further, we note that a change in the testimony of a potential witness is insufficient to withdraw a plea postsentence. State v. Crum
(Mar. 30, 1993), 10th Dist. No. 92 AP-1175, 1993 Ohio App. LEXIS 1869, at 5. Thus, Robinson's argument is not well-taken.
 {¶ 31} Next, Robinson argues that the state's failure to submit the BCI gun shot residue report was an improper "suppression" of evidence. We disagree.
 {¶ 32} As already discussed in Robinson's earlier argument, Robinson offers no evidence that the report proves he was not the shooter. He further offers no evidence that the report was wrongfully withheld during the discovery phase of this case. Moreover, Robinson willfully admitted he was the shooter. Thus, any such information in the BCI report is not evidence that Robinson did not knowingly and voluntarily enter his guilty plea. At his plea hearing, Robinson did not deny that he was the shooter, or maintain that someone else was the shooter. The transcript of the plea hearing reveals that Robinson asserted that his defense would have been that he was "playing with a handgun," while intoxicated and that the gun "accidentally went off." Therefore, we see no evidence other than Robinson's self serving allegations that his plea was not properly made.
 {¶ 33} We must note that Robinson did not raise the instant issue of withdrawal of his guilty plea with the court until April 25, 2003, almost two and one-half years after he entered his plea. Although there is no time limit for filing a Crim. R. 32.1 motion, an undue delay between the occurrence of the alleged cause for the withdrawal of a guilty plea and the filing of a Crim. R. 32.1 motion, is a factor that may adversely affect the credibility of the defendant and weigh against allowing a defendant's plea to be withdrawn. State v. Smith (1977), 49 Ohio St.2d 261, at paragraph three of the syllabus. Here, Robinson offers no reason for his delay in filing his motion to withdraw his guilty plea.
 {¶ 34} Finally, we disagree that the court committed reversible error by failing to conduct an evidentiary hearing on his motion to withdraw his plea. The record fails to demonstrate ineffective assistance of counsel, and there was no evidence of prosecutorial misconduct. Moreover, a review of Robinson's plea hearing indicates that he fully understood the implications of pleading guilty to the crime in question. Robinson has failed to demonstrate that he suffered a manifest injustice. Thus, the trial court did not abuse its discretion when it overruled Robinson's motion to withdraw his guilty plea without a hearing.
 {¶ 35} Based upon the foregoing, Robinson's sole assignment is without merit, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.
[1] Robinson failed to submit a signed copy of the purported affidavit with his appeal to this court. Upon review of the trial court record, it appears that he attached a copy of the purported affidavit signed by Green to his motion to withdraw plea. The trial court considered the allegations made by Green's affidavit as revealed by its judgment entry.