OPINION
{¶ 1} Appellant, Lonnie J. Cross, appeals from a judgment entry of the Portage County Court of Common Pleas, convicting him of possession of marijuana, illegal manufacturing of drugs, and possession of criminal tools. For the following reasons, we affirm.
 {¶ 2} On February 18, 2005, by way of information, the state initiated prosecution against appellant on the following counts: (1) possession of marijuana, a second degree felony in violation of R.C. 2925.11(C)(3)(f); (2) illegal manufacturing of drugs, a second degree felony in violation of R.C. 2925.04; and (3) possession of criminal tools, a fifth degree felony in violation of R.C. 2923.04.
 {¶ 3} On April 1, 2005, the court held a hearing to accept appellant's guilty plea. Based upon plea negotiations, appellant pleaded guilty to one count of possession of marijuana, one count of illegal manufacturing of drugs, and one count of possession of criminal tools. The counts of possession of marijuana and illegal manufacturing of drugs were reduced to third degree felonies, while the count of possession of criminal tools remained a fifth degree felony.
 {¶ 4} The court then informed appellant that his guilty plea would result in a waiver of certain constitutional rights and his rights incident to trial. Appellant stated that he understood his guilty plea would result in a waiver of these rights and that he wanted to enter a guilty plea to the amended counts. The court accepted appellant's guilty plea.
 {¶ 5} The parties then stated a jointly recommended sentence on the record. The jointly recommended sentence recognized that a minimum prison-term would demean the seriousness of the offenses and that a maximum prison-term would be appropriate, as appellant committed the worst form of the offense. Thus, the parties recommended prison terms of five years on the count of possession of marijuana and illegal manufacturing of drugs; and one year on the count of possession of criminal tools. The parties agreed that these prison terms were to run concurrently.
 {¶ 6} The trial court issued a judgment entry accepting appellant's guilty plea and convicting him of the amended counts. The court adopted the parties' jointly recommended sentence and sentenced appellant accordingly.
 {¶ 7} From this judgment, appellant filed a timely appeal and now sets forth the following assignment of error:
 {¶ 8} "Appellant's right to due process of law as guaranteed by the 4th, 5th, 6th, and 14th Amendment to the U.S. Constitution as well as Article 1 § 10 of the Ohio Constitution was effectively denied by his trial court's [sic] ineffective representation."
 {¶ 9} Under his sole assignment of error, appellant argues that he received ineffective assistance of counsel predicated upon his guilty plea.
 {¶ 10} Both the Ohio Supreme Court and this court have adopted the following two-pronged test articulated in Stricklandv. Washington (1984), 466 U.S. 668, to determine whether an accused has received ineffective assistance of counsel:
 {¶ 11} "First, a defendant must be able to show that his trial counsel was deficient in some aspect of his representation. * * * This requires a showing that trial counsel made errors so serious that, in effect, the attorney was not functioning as the `counsel' guaranteed by both the United States and Ohio Constitutions. * * *
 {¶ 12} "Second, a defendant must show that the deficient performance prejudiced his defense. * * * This requires a showing that there is `a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.' * * * `A reasonable probability is a probability sufficient to undermine confidence in the outcome.' * * *" (Citations omitted.) State v. Swick, 11th Dist. No. 97-L-254, 2001-Ohio-8831, 2001 Ohio App. LEXIS 5857, at 4-5.
 {¶ 13} First, appellant maintains that his trial counsel failed to file pre-trial motions, such as a motion to suppress, or engage in discovery prior to entering the guilty plea. Appellant contends that he was prejudiced by such failure as these pre-trial procedures would have established a violation of his Fourth Amendment rights during a search of his premises. Thus, appellant concludes that his trial counsel was ineffective by allowing him to enter a guilty plea without first exploring this alleged violation.
 {¶ 14} Appellant's argument relies upon specific factual events that occurred during a search of his property. However, the facts surrounding the search are absent from the trial record.
 {¶ 15} This court has consistently held that "when a defendant makes a claim of ineffective assistance of counsel based upon facts outside the record, the appropriate remedy is a postconviction relief petition." State v. Kish, 11th Dist. No. 2001-L-014, 2002-Ohio-7130, at ¶ 84. See, also, State v. Songer
(Dec. 10, 1999), 11th Dist. No. 98-T-0100, 1999 Ohio App. LEXIS 5939, at 17. A petition for posconviction relief is the only method by which a defendant can introduce evidence outside the original trial record. Kish at ¶ 84, citing State v. Robinson
(Aug. 4, 2000), 11th Dist. No. 98-L-164, 2000 Ohio App. LEXIS 3538, at 5. Thus, because appellant's argument relies upon evidence outside the record, it is impossible for this court to determine whether appellant was prejudiced by his counsel's alleged failures. See, e.g., Kish at ¶ 84. This portion of appellant's assignment of error is not well-taken.
 {¶ 16} Next, appellant argues that his counsel was ineffective as he did not derive any benefit from the plea agreement. Appellant concludes that if it were not for his counsel's ineffective representation, he would not have pleaded guilty. In doing so, apparently he contends that his sentence was improper.
 {¶ 17} At the outset, we note that appellant benefited from his guilty plea, as it reduced the counts of possession of drugs and illegal manufacturing of drugs from second degree felonies to third degree felonies. Accordingly, per R.C. 2929.14(A), the statutory range of prison-terms was decreased.
 {¶ 18} Furthermore, appellant's claim that his trial counsel's alleged ineffective assistance resulted in an invalid guilty plea, is not sufficient to establish the necessary connection between the supposed ineffective assistance and the plea. State v. Robinson, 11th Dist. No. 2003-A-0125,2005-Ohio-5287, at ¶ 17. "`[I]nstead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.'" Id., quoting State v. Sopjack (Dec. 15, 1995), 11th Dist. No. 93-G-1826, 1995 Ohio App. LEXIS 5572, at 11.
 {¶ 19} Here, the record demonstrates that the trial court informed appellant of the effect of his guilty plea. Appellant informed the trial court that he understood the effect of his guilty plea and proceeded to plead guilty to the amended counts. Absent is any evidence that his guilty plea was the result of coercion or was not voluntarily or knowingly made. See, e.g.,Robinson at ¶ 19.
 {¶ 20} Finally, we note that the court's sentence was predicated upon a jointly recommended sentence. "`[A] jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for such offense.'" State v.Salsgiver (Aug. 10, 2001), 11th Dist. No. 2000-T-0048, 2001 WL 909328, at 2, quoting State v. Bristow (Jan. 29, 1999), 3d Dist. No. 3-98-21, 1999 Ohio App. LEXIS 941, at 6. See, also,State v. McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352, at ¶ 43. Here, the jointly recommended sentence did not exceed the maximum terms under R.C. 2929.14(A) and, therefore, is not subject to appellate review.
 {¶ 21} This portion of appellant's assignment of error is also not well-taken.
 {¶ 22} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm appellant's convictions and sentence.
Ford, P.J., Rice, J., concur.