[Cite as *State v. Ober*, 2018-Ohio-4660.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2018-P-0011 |
| JAMES S. OBER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2015 CR 00646.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley A. Johnston,* P.O. Box 6041, Youngstown, OH 44501 and *Eric Hall,* P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, James S. Ober, appeals from the judgment of the Portage County Court of Common Pleas, denying his post-sentence motion to withdraw his guilty plea without a hearing. We affirm.

{¶2} On September 10, 2015, appellant was indicted in a four-count indictment charging him with one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1) and (B), a felony of the third degree; one count of vehicular assault, in

violation of R.C. 2903.08(A)(2) and (C), a felony of the fourth degree; one count of failure to stop after accident, in violation of R.C. 4549.02, a felony of the fifth degree; and one count of operating a vehicle while intoxicated, in violation of R.C. 4511.19(A)(1)(a) and (G). He pleaded not guilty to all counts.

{¶3} Appellant was appointed counsel, who was later permitted to withdraw because appellant fired the public defender's office and hired private counsel. New counsel filed a motion to suppress evidence and, after a hearing, the trial court denied the motion.

{¶4} On May 11, 2016, a plea hearing was held at which the state moved the trial court to amend count three to failure to stop after an accident, in violation of R.C. 4549.03(A), a misdemeanor of the first degree. Appellant entered a plea of guilty to the amended count and to count two, vehicular assault. After a full and complete plea colloquy, the trial court accepted appellant's plea and nolled the remaining counts in the indictment. The trial court subsequently found appellant knowingly, intelligently, and voluntarily entered his plea of guilty and the matter was set for sentencing.

{¶5} At the sentencing hearing, the trial court found community control sanctions were consistent with the purposes and principles of sentencing and ordered appellant to be placed on SCRAM-X (a house-arrest device) for 30 days, under intensive supervision of the Portage County Adult Probation Department for 12 months, and under the general division of the Portage County Adult Probation Department for 36 months. The court further set forth additional conditions of community control and notified appellant of the consequences of violating the terms of community control. No appeal was taken from the judgment.

{¶6} In February 2017, a motion to revoke/modify probation was filed by the probation department. On March 10, 2017, a hearing was held on the motion after which the trial court imposed more restrictive sanctions, including 180 days in the Portage County Jail; 12 months intensive supervision; and 12 months of "regular probation."

{¶7} In October 2017, a motion to revoke/modify probation was again filed. Several days later appellant's counsel requested to withdraw because, in counsel's view, "continued representation is not ethically possible." The trial court granted the motion. Appellant was issued a summons to appear at the revocation/modification hearing; he, however, failed to appear and a warrant was issued for his arrest.

{¶8} In November 2017, appellant appeared pro se for a status conference and the trial court recalled the warrant. Appellant was subsequently appointed counsel and the motion to revoke/modify proceeded to hearing in January 2018. After the hearing, the trial court found appellant again violated the terms of his probation and further found more restrictive sanctions were necessary, including one year of intensive supervision and an additional two years under general supervision.

{¶9} On January 5, 2018, appellant filed a pro se motion to withdraw his guilty plea, pursuant to Crim.R. 32.1. He maintained his May 11, 2016 plea was not entered knowingly, intelligently, or voluntarily because he was "under extreme duress." He asserted that multiple events, commencing with a purported appointment of a public defender in February of 2015 in separate municipal court case, which involved his various attorneys pressuring him and threatening him, culminated in him entering the

plea. The trial court overruled the motion without a hearing. Appellant appealed the judgment and assigns the following as error:

{¶10} "The trial court erred when it denied appellant's motion for withdrawal of guilty plea after sentencing. Said denial constituted an abuse of discretion."

{¶11} Crim.R. 32.1 provides for a withdrawal of a guilty plea, stating "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *Id*.

{¶12} Here, appellant filed his motion to withdraw his plea after his sentencing. Accordingly, pursuant to Crim.R. 32.1, appellant must demonstrate a manifest injustice to be entitled to relief. "Under this higher standard [of manifest injustice], a defendant is entitled to prevail on the motion only if the existence of extraordinary circumstances has been established." *State v. Combs,* 11th Dist. Portage No.2007-P-0075, 2008-Ohio-4158, ¶34. "The reason for such a high standard for granting a post-sentence motion to withdraw a guilty plea 'is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *State v. Clark,* 11th Dist. Ashtabula No. 2009-A-0038, 2010-Ohio-1491, ¶13, quoting *State v. Caraballo,* 17 Ohio St.3d 66, 67 (1985).

{¶13} Further, this court has explained:

{¶14} Although a trial court must hold a hearing if there is a reasonable basis for the withdrawal of a presentence guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced a party. *State v. Hudach*, 11th Dist. Trumbull No. 2003-T-0110, 2004-Ohio-6949, ¶28. In arriving at its decision, a trial court has the discretion to determine the credibility and weight of the movant's contentions. *Id.* at ¶29. Hence, a trial court's decision on a postsentence motion to

4

withdraw a guilty plea will be reversed only for an abuse of discretion. *Id*. at ¶30. In those situations where the trial court must consider a postsentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require the trial court to permit withdrawal of the plea. *State v. Robinson*, 11th Dist. Ashtabula No. 2003-A-0125, 2005-Ohio-5287, ¶8.

{¶15} Alternatively, an evidentiary hearing is not required "if the record, on its face, conclusively and irrefutably contradicts a defendant's allegations in support of his Crim.R. 32.1 motion." *State v. Borecky*, 11th Dist. Lake No. 2007-L-197, 2008-Ohio-3890, ¶30, quoting *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, (Mar. 22, 2002), *6.

{¶16} An appellate court analyzes a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. S*tate v. Gibbs,* 11th Dist. No. Trumbull 98-T-0190, 2000 WL 757458 (June 9, 2000), *2. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶17} The basis for appellant's motion is his allegation that he received ineffective assistance of trial counsel because he was "pushed" into pleading guilty. He further alleged he was "threatened" that, if he did not plead guilty, the public defender's office would cease representation. He points to various instances where counsel was allegedly coercive, and primarily focuses on occasions that purportedly overbearing conduct occurred in a municipal court case that was processed *prior to* the initiation of proceedings to which he pleaded guilty.

**{¶18}** Preliminarily, it is unclear how appellant's reliance on the alleged instances of coercive or threatening conduct that purportedly occurred in a separate case would have any bearing on his decision to plead guilty in the underlying matter. Moreover, a review of the plea hearing demonstrates appellant knowingly, intelligently, and voluntarily pleaded guilty and confirmed, on record, that he had not been coerced or threatened in any way to enter the plea. Under the circumstances of this case, the record, on its face, conclusively and irrefutably contradicts appellant's allegations in his motion. We therefore hold the trial court did not err in denying appellant's motion without a hearing.

**{¶19}** Appellant's assignment of error lacks merit.

**{¶20}** For the reasons discussed above, the judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.