[Cite as *State v. Helser*, 2009-Ohio-3155.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  1-09-04

      v.

DEBRA L. HELSER,                  **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 07CRB01431

Judgment Affirmed

Date of Decision:   June 29, 2009

APPEARANCES:

    *Debra L. Helser,* **Appellant**

    *Anthony L. Geiger*  **for Appellee**

Case No. 1-09-04

**ROGERS, J.**

{¶1} Defendant-Appellant, Debra Helser, appeals the judgment of the Lima Municipal Court denying her Crim.R. 32.1 motion to withdraw her no contest plea. On appeal, Helser argues that the trial court erred in denying her motion, as her no contest plea resulted in a violation of the Double Jeopardy Clause and her First Amendment right under the United States Constitution to petition for a redress of grievances. Furthermore, Helser also argues that the trial court was without jurisdiction to adjudicate her case, as the events giving rise to the criminal charges against her occurred outside the Lima city limits. Finding that Helser's claims are barred by res judicata, we affirm the judgment of the trial court.

{¶2} On March 18, 2007, Helser was charged by complaint with one count of violation of a protection order in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree.[1] Subsequently, Helser entered a not guilty plea to the complaint.

{¶3} In December 2007, Helser, being represented by counsel, withdrew her not guilty plea and entered a plea of no contest. The trial court then sentenced Helser to two years of community control and a 180 day jail term, with all 180

---

[1] We note that a petition for a civil protection order ("CPO") against Helser was filed on May 7, 2007, in case number CV 2007 0481, and the trial court granted an ex parte CPO the same day. Subsequently, on May 18, 2007, the day after Helser was alleged to have violated the ex parte CPO, the trial court conducted a full hearing on the CPO petition and granted the CPO.

days suspended on the condition that she have no further CPO violations, and ordered her to pay a $25 fine and complete a domestic violence/anger management program.

{¶4}   In September 2008, Helser filed a motion to withdraw her no contest plea pursuant to Crim.R. 32.1, arguing that her plea resulted in a violation of the Double Jeopardy Clause of the United States Constitution because the trial court did not make a finding at the final CPO hearing that she stalked or harassed in violation of the ex parte CPO, but merely issued the permanent CPO based upon a mutual agreement of the parties to stay away from each other.

{¶5}   In October 2008, the trial court denied Helser's Crim.R. 32.1 motion to withdraw her no contest plea, stating the following:

> **This matter is before the Court as Defendant seeks to withdraw her previously entered plea of no contest entered on December 20, 2008 at which time the defendant was found guilty and sentenced.**
>
> **\* \* \***
>
> **The filing by the defendant herein is abundantly vague.  First, what Judge Warren may have done on May 18, 2007 has little to do with the proposition there was an order issued by Magistrate Kerber of the Common Pleas Court on May 7, 2007 and the offense was said to occur on May 17, 2008, i.e. the Order appears to be active on May 17, 2008.  Second, where is the transcript referred in the filing?  Third, there is no order from Judge Warren included or even a direct quote from an Order.  \* \* \* Fifthly, there are no double-jeopardy issues.  The Common Pleas case, James v. Helser, CV 2007 0481 was a <u>civil case</u> (emphasis added).**

**The filing * * * is overruled.**

(Oct. 2008 Order).

{¶6} It is from this judgment that Helser appeals, presenting the following pro se assignments of error for our review.[2] [3]

### Assignment of Error No. I

**THIS MISUNDERSTANDING OF THAT [SIC] FACTS CAUSED THIS DEFENDANT-APPELLANT TO HAVE HER U.S.C.A. [SIC] FIFTH AMENDMENT: [SIC] "RIGHT NOT TO BE PLACED TWICE IN JEPARDY [SIC] FOR THE SAME OFFENCE" [SIC] VIOLATED FOR A CHARGE THAT SHE WAS NOT GUILTY OF, BY [SIC] THE FACTS' [SIC].**

### Assignment of Error No. II

**CLEARLY THE PROTECTION ORDER WAS FILED IN ALLEN COUNTY DOMESTIC DIVISION. THE SITUATION OCCURRED IN ADA, OHIO AS BOTH PARTIES CLAIMED 1160 RESEVOIR RD. AS THERE [SIC] PLACE OF RESIDENCE, [SIC] NEGATES THE CITY COURT FROM ANY JURISDICTION OVER 2007CRB1434-A.**

{¶7} Before addressing Helser's assignments of error, we must first address the State's argument that Helser's appeal should be dismissed for being

---

[2] We note that Helser's statement of her assignments of error was a page and a half paragraph filled with quotes to a record and several unintelligible sentences. As such, we elected to separate out two sections of the paragraph that most accurately encompass her claimed assignments of error. Helser also asserts, within the argument section of her brief, that the trial court erred in denying her Crim.R. 32.1 motion, as such denial resulted in a violation of her First Amendment right for a redress of grievances. However, Helser did not specifically mention this error within her statement of assignments of error.

[3] Although Helser has failed to properly set forth her assignments of error pursuant to App.R. 16(A)(3), Loc.R. 7(A), and Loc.R. 11(B), and, although we are permitted to disregard any assignment of error not specifically identified or separately argued under App.R. 12(A)(2), we elect to address her assignments of error in the interests of justice.

-4-

untimely filed pursuant to App.R. 4(A). The trial court issued an order denying Helser's Crim.R. 32.1 motion on October 14, 2008, but, due to a clerical mistake, the trial court's judgment entry was not journalized by the clerk until December 18, 2008. Helser then filed her notice of appeal on January 15, 2009.

{¶8} App.R. 4(A) provides that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed." App.R. 4(D) defines "entry" as when a judgment or order is entered under Crim.R. 32(C), and, pursuant to Crim.R. 32(C), "[a] judgment is effective only when entered on the journal by the clerk." Accordingly, because the trial court's denial of Helser's Crim.R. 32.1 motion was not journalized until December 18, 2008, the thirty-day time limit for filing an appeal did not begin running until that date. As such, because Helser filed her notice of appeal on January 15, 2009, she complied with the thirty-day filing requirement of App.R. 4(A), and, therefore, we may properly consider her appeal.

{¶9} Due to the nature of Helser's arguments, we elect to address her assignments of error together.

*Assignments of Error Nos. I and II*

{¶10} In her first assignment of error, Helser argues that the trial court's denial of her Crim.R. 32.1 motion resulted in a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Specifically,

Helser asserts that she should have been permitted to withdraw her prior no contest plea to the CPO violation, as the court of common pleas did not make a finding at the final CPO hearing that she stalked or harassed in violation of the ex parte CPO, and, as a result, she cannot be criminally charged with violating the order.

{¶11} In her second assignment of error, Helser argues that the trial court was without jurisdiction to adjudicate the criminal charge against her, as the alleged violation occurred in Ada, Ohio, outside the Lima city limits, and, therefore, outside the jurisdiction of Lima Municipal Court. Furthermore, Helser argues that the trial court's denial of her Crim.R. 32.1 motion violated her First Amendment right for a redress of grievances.

{¶12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. Accordingly, res judicata will serve to bar all claims raised in a Crim. R. 32.1 motion that were raised or could have been raised in a prior proceeding. *State v. Sanchez,* 3d Dist. No. 4-06-31, 2007-Ohio-218, ¶18; *State v. McDonald*,

11th Dist. No. 2003-L-155, 2004-Ohio-6332, ¶22, citing *State v. Young,* 4th Dist. No. 03CA782, 2004-Ohio-2711.

**{¶13}** Here, Helser did not assert any error regarding a double jeopardy violation or the trial court's lack of jurisdiction at the time she entered her no contest plea, nor did she directly appeal her December 2007 conviction. Accordingly, because Helser was or should have been aware of these alleged errors, and failed to raise them in a prior proceeding, she was barred by res judicata from raising them in her Crim.R. 32.1 motion.

**{¶14}** Although we have found that Helser's claims are barred by res judicata, we summarily note that Helser's assignments of error also fail on the merits. First, there can be no double jeopardy violation, because any alleged finding by the court of common pleas at the final CPO hearing that Helser did not harass or stalk in violation of the ex parte CPO would have only been a finding in a civil case, and, therefore, would not be a finding of criminal innocence to bar a retrial on the same issue. See *State v. Gustafson,* 76 Ohio St.3d 425, 435, 1996-Ohio-299. Furthermore, Lima Municipal Court had jurisdiction to adjudicate the case, as the court retains jurisdiction over misdemeanor offenses committed within Allen County, see R.C. 1901.02(B); R.C. 1901.20(A)(1); *St. Mary's v. Huber*, 3d Dist. No. 2-81-8, 1981 WL 6700, and, according to the complaint to which Helser

pled no contest, the alleged location of the CPO violation occurred within Allen County.

{¶15} Accordingly, we overrule Helser's first and second assignments of error.

{¶16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**