[Cite as *State v. Thomas*, 2011-Ohio-4337.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 10-10-17

      v.

JASON C. THOMAS,                       O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 09-CRM-008

**Judgment Affirmed**

**Date of Decision:  August 29, 2011**

APPEARANCES:

    *Gene P. Murray*  for Appellant

    *Matthew K. Fox*  for Appellee

ROGERS, P.J.

{¶1} Defendant-Appellant, Jason Thomas, appeals from the judgment of the Court of Common Pleas of Mercer County denying his motion to withdraw his pleas of no contest ("Motion to Withdraw"). On appeal, Thomas contends that the trial court erred in denying his Motion to Withdraw in three respects: (1) the trial court erred in finding that he was properly informed of his right to appeal during the Crim.R. 11 colloquy; (2) the trial court failed to inform him of his right to appeal during the sentencing hearing, in violation of Crim.R. 32(B);[1] and, (3) the trial court abused its discretion by denying a hearing on previously undiscovered evidence which is exculpatory in nature. Based on the following, we affirm the judgment of the trial court.

{¶2} In January 2009, the Mercer County Grand Jury indicted Thomas on Count One: felony murder (based on the predicate offense of felonious assault in violation of R.C. 2903.11) in violation of R.C. 2903.02(B), an unclassified felony; Count Two: felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; Count Three, felony murder (based on the predicate offense of child endangerment in violation of R.C. 2919.22(B)(1), (E)(2)(d)) in violation of R.C. 2903.02(B), an unclassified felony; Count Four: child endangerment in

---

[1] We note that the error asserted in Thomas' second assignment of error was not raised before the trial court in his Motion to Withdraw. We will discuss this issue in further detail in our analysis of Thomas' second assignment of error.

-2-

violation of R.C. 2919.22(B)(1), (E)(2)(d), a felony of the second degree; Count Five: involuntary manslaughter, (based on the predicate offense of felonious assault in violation of R.C. 2903.11(A)(1)) in violation of R.C. 2903.04(A), a felony of the first degree; Count Six: involuntary manslaughter (based on the predicate offense of child endangerment in violation of R.C. 2919.22(A), (E)(2)(c)) in violation of R.C. 2903.04(A), a felony of the first degree; Count Seven: involuntary manslaughter (based on the predicate offense of child endangerment in violation of R.C. 2919.22(B)(1), (E)(2)(d)) in violation of R.C. 2903.04(A), a felony of the first degree; Count Eight: child endangerment in violation of R.C. 2919.22(A), (E)(2)(c), a felony of the third degree; and, Count Nine: reckless homicide in violation of R.C. 2903.041, a felony of the third degree. The indictment arose from the death of a ten and a half month old child ("Child"), with whom Thomas resided and for whom Thomas provided care.

{¶3} On February 2, 2009, Thomas made his initial appearance before the trial court. At that time the trial court assigned Thomas a court appointed attorney, as he was found to be indigent, and set arraignment for March 4, 2009. Subsequently, Thomas filed a motion for continuance of the arraignment, which the trial court granted. On April 29, 2009, Thomas was arraigned and entered a plea of not guilty to all counts in the indictment.

Case No. 10-10-17

**{¶4}** On June 3, 2009, the matter proceeded to a change of plea hearing. Pursuant to a written plea agreement Thomas entered pleas of no contest to Count One and Count Two of the indictment and the State moved to dismiss all remaining counts of the indictment.[2] Prior to accepting Thomas' pleas of no contest the trial court conducted a Crim.R. 11 colloquy, during which it asked:

> **The Court: Do you also understand you're waiving your right to appeal the judgment of this court if the court is to find you guilty?**
>
> **The Defendant: Yes.**

Change of Plea Hearing Tr., p. 7.[3] After the colloquy, the State read the stipulation of facts into the record, and Thomas signed a written stipulation of facts. The stipulation read:

> **On or about January 14, 2009, approximately 7:17 p.m., the Celina Police Department received a report of an injured child in the City of Celina, County of Mercer, State of Ohio. Celina Police officers responded to the child's residence along with emergency medical service personnel and found a 10 [and a half] month old child apparently not breathing, unresponsive with multiple bruises on his face, chest and abdomen.**

---

[2] On June 4, 2009, the State filed a nolle prosequi on Counts Three, Four, Five, Six, Seven, Eight, and Nine of the indictment.

[3] We note that during the change of plea hearing Thomas signed a "Waiver of Constitutional Rights Prior to Entering a Plea of Guilty." Despite this reference to a plea of guilty, it is clear from the record that Thomas entered pleas of no contest in open court, was apprised of the consequences of such pleas in open court, and the same was memorialized in the trial court's judgment entry, thus rendering reference to a plea of guilty harmless.

-4-

> **The child was taken to Mercer Health, and transferred to Children's Medical Center in Dayton, Ohio, where the child died on January 15, 2009. The cause of death was reported to be non-accidental multiple blunt force trauma to the child. Also, multiple bruises, broken bones and injuries to the child's internal organs were found. The opinion of the treating physician at Children's Medical Center was that the child was abused. The injuries and death were consistent with Shaken Baby Impact Syndrome.**

> **Jason Thomas admitted to committing the assault against the minor child that resulted in the child's death.**

Thereafter, the trial court accepted Thomas' pleas of no contest to Counts One and Two of the indictment, finding that they were entered voluntarily, knowingly, and intelligently.

{¶5} On July 22, 2009, the matter proceeded to sentencing. On Count One of the indictment the trial court sentenced Thomas to a prison term of fifteen years to life. On Count Two of the indictment the trial court sentenced Thomas to an eight-year prison term to run concurrently with his sentence in Count One.

{¶6} On August 4, 2010, Thomas filed a Motion to Withdraw pursuant to Crim.R. 32.1 arguing: that the trial court improperly informed him of his right to appeal during the change of plea hearing; that he received ineffective assistance of counsel; and, that there is previously undiscovered evidence, which is exculpatory in nature. In support of his argument concerning previously undiscovered

evidence, Thomas submitted affidavits from Kelly Reck, the Child's paternal grandmother, and Sue Thomas, Thomas' mother. The affidavits were notarized on June 7, 2010. Both affiants stated that in December 2009 they met with a detective of the Celina Police Department who informed them that law enforcement had no evidence implicating Thomas in the Child's death, and that there was evidence that Sidney Steinecker, the Child's mother, caused the Child's death.

{¶7} On November 15, 2010, the trial court filed its judgment entry denying Thomas' Motion to Withdraw, finding, in pertinent part:

> **\* \* \* With regard to the claimed new evidence, the affidavit of Kelly L. Reck, the paternal grandmother of the child victim, and the affidavit of Sue Thomas, the defendant's mother, claim that on December 4, 2009, they were told by Celina Police Department Detective Calvin Freeman that the police knew that Sidney Steinecker, the victim's mother, caused his fatal injuries and that the police never had any evidence on the defendant. First and foremost, those statements are blatant hearsay when used to prove the truth of the matter asserted in those statements. If the motion had been accompanied by an affidavit from Detective Freeman to that same effect, such evidence may be a factual basis for the court to consider defendant's motion to withdraw his plea. Furthermore, the motion is not supported by any affidavit or statement of the defendant that contradicts the stipulation of facts signed by the defendant and acknowledged at the change of plea hearing on June 3, 2009.**
>
> **The court concludes that there exists insufficient evidence in support of defendant's motion to establish manifest injustice**

**sufficient to permit him to withdraw his plea. Furthermore, there is insufficient evidence to warrant an evidentiary hearing on the motion.**

**With regard to the second and third bases for defendant's motion, the court has reviewed the transcript of the change of plea hearing. It is apparent from the record that the court complied with Criminal Rule 11 during the change of plea hearing, specifically with regard to defendant's claim that the court incorrectly advised the defendant that by entering the no contest plea he was waiving his right to appeal. That allegation is misleading and inaccurate. Specifically, the court did advise the defendant that by entering the no contest pleas, he was waiving his right to appeal the judgment of the court if the court found him to be guilty, that being an accurate statement of an effect of his no contest plea. The court did not advise him that he could not appeal any other issue other than the court's judgment.**

November 15, 2010 Judgment Entry, pp. 2-3.

{¶8} It is from this judgment Thomas appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT REVERSIBLY ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEAS AND TO VACATE JUDGMENTS OF GUILTY AND JUDGMENTS OF SENTENCES, PURSUANT TO CRIM. R. 32.1, ON GROUNDS THAT THE TRIAL COURT HAD ABUSED ITS DISCRETION IN ORIGINALLY ADVISING THE DEFENDANT THAT HE WAS WAIVING HIS RIGHT TO APPEAL THE JUDGMENT OF THE COURT IF THE COURT WAS TO FIND HIM GUILTY, THEREBY DENYING THE**

**DEFENDANT HIS FUNDAMENTAL AND SUBSTANTIAL RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

*Assignment of Error No. II*

**THE TRIAL COURT REVERSIBLY ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEAS AND TO VACATE JUDGMENTS OF GUILTY AND JUDGMENTS OF SENTENCES, PURSUANT TO CRIM. R. 32.1, ON GROUNDS THAT AS A MATTER OF LAW, AND AS A MATTER OF AN ABUSE OF DISCRETION, THE TRIAL COURT FAILED TO NOTIFY THE DEFENDANT-APPELLANT OF HIS RIGHT TO APPEAL, UPON HIS SENTENCING IN A SERIOUS FELONY CASE, IN VIOLATION OF RULE 32 (B) OF THE OHIO RULES OF CRIMINAL PROCEDURE, AND ALSO IN VIOLATION OF THE DEFENDANT-APPELLANT'S FUNDAMENTAL AND SUBSTANTIAL RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

*Assignment of Error No. III*

**IN AN ABUSE OF ITS DISCRETION, THE TRIAL COURT REVERSIBLY ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEAS AND VACATE JUDGMENTS OF GUILTY AND JUDGMENTS OF SENTENCES, PURSUANT TO CRIM. R. 32.1, ON GROUNDS THAT PREVIOUSLY UNDISCOVERED EVIDENCE FAVORABLE TO DEFENDANT-APPELLANT HAS BEEN RECEIVED, SUPPORTED BY AFFIDAVITS, AND WHICH SHOULD HAVE BEEN PROVIDED TO THE DEFENSE BY THE STATE, AND WAS NOT, IN VIOLATION OF RULE**

**16(B)(1)(f) OF THE OHIO RULES OF CRIMINAL PROCEDURE.**

{¶9} Due to the nature of Thomas' assignments of error we will address his second assignment of error first, followed by his first and third assignments of error.

*Assignment of Error No. II*

{¶10} In his second assignment of error, Thomas contends that the trial court erred in denying his Motion to Withdraw because the trial court failed to advise him of his right to appeal during the sentencing hearing in violation of Crim.R. 32 (B)(2). We disagree.

{¶11} Review of record reveals that Thomas did not raise the foregoing sentencing issue in his Motion to Withdraw. A court of appeals is not required to consider issues not raised before the trial court. *State v. Robinson,* 3d Dist. No. 8-97-20, 1999 WL 152890, *1, citing *Republic Steel Corp. v. Bd. Of Revision* (1963), 175 Ohio St. 179. Consequently, we decline to consider the merits of Thomas' second assignment of error.

{¶12} However, had Thomas raised the sentencing issue in his Motion to Withdraw, and had we found his argument meritorious, it would not be grounds to reverse the trial court's denial of his Motion to Withdraw, because such an error

bears no relation to the voluntary, knowing, and intelligent nature of his pleas. See *State v. Seaunier*, 3d Dist. No. 14-10-12, 2011-Ohio-658, ¶14.

{¶13} Accordingly, we overrule Thomas' second assignment of error.

*Assignments of Error Nos. I & III*

{¶14} In his first assignment of error, Thomas contends that the trial court erred in denying his Motion to Withdraw because the trial court improperly advised him of his right to appeal during the Crim.R. 11 colloquy, resulting in manifest injustice. In his third assignment of error, Thomas contends that the trial court erred in denying his Motion to Withdraw because affidavits filed with his motion contained newly discovered information that is exculpatory in nature. We disagree with both contentions.

*Standard of Review*

{¶15} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." See, also, *State v. Mata*, 3d Dist. No. 1-04-54, 2004-Ohio-6669, ¶6. A defendant who files a post-sentence motion to withdraw a plea of guilty or no contest bears the burden of establishing manifest injustice based on specific facts either contained in the

-10-

record or supplied through affidavits attached to the motion. *State v. Orris,* 10th Dist. No. 07AP-390, 2007-Ohio-6499, ¶8; *State v. Langenkamp*, 3d Dist. Nos. 17-08-03, 17-08-04, 2008-Ohio-5308, ¶9, citing *State v. Totten*, 10th Dist. Nos. 05AP-278, 05AP-508, 2005-Ohio-6210, ¶5. A manifest injustice is an exceptional defect in the plea proceedings, *State v. Vogelsong*, 3d Dist. No. 5-06-60, 2007-Ohio-4935, ¶12, or a "clear or openly unjust act." *State v. Walling*, 3d Dist. No. 17-04-12, 2005-Ohio-428, ¶6, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271. Accordingly, a post-sentence motion to withdraw a no contest plea is only granted in "extraordinary cases." *State v. Cline*, 4th Dist. No. 09CA16, 2009-Ohio-6007, ¶7, citing *State v. Allison*, 4th Dist. No. 06CA9, 2007-Ohio-789, ¶7, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 264.

{¶16} The decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court, and "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith*, supra, at paragraph two of the syllabus. Appellate review of the denial of a post-sentence motion to withdraw a no contest plea is therefore limited to a determination of whether the trial court abused its discretion. *Cline*, 2009-Ohio-6007, at ¶8. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence,

-11-

or grossly unsound. See *State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶¶17-18, citing Black's Law Dictionary (8 Ed.Rev.2004) 11. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Nagle* (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

*Notification of Right to Appeal during Crim.R. 11 Colloquy*

**{¶17}** Initially, we note that consideration of Thomas' first assignment of error is barred by res judicata. "[U]nder the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. Consequently, res judicata will serve to bar all claims raised in a Crim.R. 32.1 motion that were raised *or could have been raised* in a prior proceeding. *State v. Coats,* 3d Dist. Nos. 10-09-04, 10-09-05, 2009-Ohio-3534, ¶16, citing *State v. Sanchez,* 3d Dist. No. 4-06-31, 2007-Ohio-218, ¶18; *State v. McDonald,* 11th Dist. No. 2003-L-155, 2004-Ohio-6332, ¶22, citing

*State v. Young,* 4th Dist. No. 03CA782, 2004-Ohio-2711; *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, ¶7.

{¶18} In his first assignment of error, Thomas contends that the trial court erred in denying his Motion to Withdraw because the trial court improperly advised him of his right to appeal during the Crim.R. 11 colloquy. Because the alleged error took place during the change of plea hearing, Thomas was or should have been aware of the error well before the thirty-day period for filing his direct appeal had elapsed. App.R. 4(A); see *Coats*, 2009-Ohio-3534, at ¶18; *State v. Hessler*, 3d Dist. No. 1-09-04, 2009-Ohio-3155, ¶13. Accordingly, because this issue comes to us a year after sentencing, without reason for delay, we find that Thomas is barred by res judicata from raising the foregoing error in his Motion to Withdraw and, consequently, this appeal. Id.

{¶19} Although we have found that Thomas' first assignment of error is barred by res judicata, we also note that the assignment of error also fails on the merits.

{¶20} It is well established that a plea of guilty or no contest must be made knowingly, intelligently, and voluntarily for it to be valid and enforceable. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, ¶25. To ensure that a plea in a felony case is being made knowingly, intelligently, and voluntarily, Crim.R. 11(C)(2) requires the

trial judge to address the defendant personally, to review the rights that are being waived, and to discuss the consequences of the plea. *State v. Stewart* (1977), 51 Ohio St.2d 86. Crim.R. 11(C)(2)(c) requires the court to review five constitutional rights that are waived when entering a guilty or no contest plea in a felony case: the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶19. A trial court must strictly comply with Crim.R. 11(C)(2)(c) when advising the defendant of the constitutional rights that are waived in entering a felony plea. Id. at syllabus. Prejudice is presumed if the court fails to inform the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c). Id. A trial court's acceptance of a guilty or no contest plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights, "in a manner reasonably intelligible to that defendant." *State v. Ballard* (1981), 66 Ohio St.2d 473, paragraph two of the syllabus; see also *Veney,* supra, at ¶27.

{¶21} The nonconstitutional requirements of Crim.R. 11 are subject to review for substantial compliance rather than strict compliance. *State v. Griggs,*

-14-

103 Ohio St.3d 85, 2004-Ohio-4415, ¶¶11-12. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108. Furthermore, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue." *Veney*, 2008-Ohio-5200, at ¶17. In order to demonstrate prejudice, the defendant must show that the plea would not have been otherwise made. *Stewart*, 51 Ohio St.2d at 93.

**{¶22}** During the plea colloquy the trial court asked Thomas:

**The Court: Do you also understand you're waiving your right to appeal the judgment of this court if the court is to find you guilty?**

**The Defendant: Yes.**

Change of Plea Hearing Tr., p. 7. Thomas contends that the foregoing notification incorrectly informs him of his right to appeal as it exists subsequent to entering a plea of no contest. Thomas interprets the trial court's statement to mean that he was waiving his right to appeal "any and all judgments of the trial court." Thomas App. Br., p. 8. Additionally, Thomas seemingly contends that the trial court must notify him of the judgments and issues that may be appealed despite entering a plea of no contest. We disagree on both accounts.

**{¶23}** A plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint. Crim.R. 11(B)(2). Consequently, a defendant's right to appeal is decidedly limited under a no contest plea. Generally speaking, a no contest plea waives all nonjurisdictional defects to a felony conviction. *State v. Watson*, 12th Dist. No. CA2007-04-020, 2008-Ohio-629, ¶11, citing *State v. Palm,* 9th Dist. No. 22298, 2005-Ohio-1637, ¶13; *State v. Deresse*, 5th Dist. No. 09 CA 11, 2009-Ohio-6725, ¶38. A plea of no contest, however, does not preclude the defendant from challenging the sufficiency of the indictment, information, or complaint on appeal, Id., nor does it preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion. Crim.R. 12(I).

**{¶24}** The trial court's statement concerning Thomas' right to appeal was proper. The context of the trial court's statement does not support Thomas' interpretation that the trial court informed Thomas that his plea of no contest would waive his right to appeal all judgments of the trial court. First, the trial court used 'judgment' in the singular. This fact would not lead a reasonable person to surmise that the trial court was referring to multiple judgments. Second, Thomas' case contains only one judgment, the finding of guilt after the Crim.R. 11 colloquy. Consequently, the only reasonable interpretation of the trial court's

-16-

statement is that Thomas could not appeal the trial court's finding of guilt, which is an accurate statement. Accordingly, we find that the trial court's statement concerning Thomas' right to appeal accurately informed him that by virtue of entering a plea of no contest he could not appeal the trial court's finding of guilt.

{¶25} Additionally, we can find no support for Thomas' contention that the trial court must notify him of the judgments and issues that may be appealed, nor has Thomas provided us with any support. See App.R. 16(A)(7). Despite Thomas' lack of support, in the interest of justice, we will address the merits of this contention. To ensure that the defendant enters a voluntary, knowing, and intelligent plea the trial court must determine whether the defendant understands the waiver of various constitutional and nonconstitutional rights. To ensure the defendant's understanding of his or her rights the trial court must conduct a Crim.R. 11 colloquy. During the Crim.R. 11 colloquy the defendant is apprised of the rights he or she is waiving by entering their plea, and the effect of those waivers. *Stewart*, 51 Ohio St.2d at 88. There is no requirement that the trial court also notify the defendant of his or her remaining rights (i.e., those that survive the plea), and for good reason, these rights are not waived by entering a plea. Consequently, we find that the trial court did not err when it did not inform Thomas of his remaining appellate rights during the plea colloquy.

{¶26} In light of the foregoing, we find that the trial court adequately informed Thomas of the rights he waived by virtue of entering pleas of no contest, and the effect of those waivers. Consequently, we also find that the trial court did not abuse its discretion when it denied Thomas' Motion to Withdraw, with respect to the issue raised in his first assignment of error.

*Affidavits*

{¶27} Initially, we note that Thomas' third assignment of error, unlike his first assignment of error is not barred by res judicata, as the evidence proffered in support of this assignment of error was unknown to Thomas and did not come to light until several months after Thomas was sentenced. Consequently, we will address the merits of Thomas' third assignment of error.

{¶28} In his third assignment of error, Thomas challenges the trial court's determination concerning the credibility of the affidavits attached to his Motion to Withdraw. Specifically, Thomas contends that the affidavits contain exculpatory information, and as a result he should have, at the very least, been granted a hearing. We disagree.

{¶29} A trial court may, in its discretion, judge the credibility of affidavits submitted in support of a motion to withdraw a plea in determining whether to accept the affidavits as true statements of fact. *State v. Williams,* 12th Dist. No.

CA2009-03-032, 2009-Ohio-6240, ¶17, citing *State v. Mays,* 174 Ohio App.3d 681, 2008-Ohio-128, ¶14, citing *State v. Robinson,* 11th Dist. No. 2003-A-0125, 2005-Ohio-5287, ¶28. To hold otherwise would require a hearing every time a defendant filed a motion to withdraw a plea. Id.

{¶30} Several facts, apparent from the affidavits, support the trial court's finding that the affidavits lacked credibility. First, the affidavits were rife with hearsay. Specifically, the statements that form the basis of Thomas' contention that law enforcement did not reveal their belief that Sydney Steinecker, the mother, caused the child's death were hearsay. Second, one of the affidavits was submitted by a biased party, Thomas' mother, See *State v. Yearby*, 8th Dist. No. 79000, 2002 WL 120530, *3, while the other was submitted by the child's paternal grandmother. Third, the affidavits were filed nearly a year after Thomas was sentenced, and six months after the affiants allegedly learned of the exculpatory information. Last, Thomas did not file an affidavit contradicting the facts he stipulated to during the change of plea hearing. By citing this fact we are not suggesting that a defendant must file an affidavit contradicting the facts he or she stipulated to during the change of plea hearing, but we do find the absence thereof may raise issues concerning the credibility of affidavits offered in support of defendant's innocence. Considering the foregoing facts in their totality, we find

that the trial court did not abuse its discretion when it found the affidavits lacked credibility.[4] Consequently, the trial court was not required to conduct a hearing on Thomas' Motion to Withdraw, and did not abuse its discretion when it denied Thomas' Motion to Withdraw.

{¶31} Accordingly, we overrule Thomas' first and third assignments of error.

{¶32} Having found no error prejudicial to Thomas herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[4] We decline to address Thomas' assertion that the State violated Crim.R. 16 by withholding information that law enforcement allegedly conveyed to the affiants concerning Thomas' innocence and Sydney Steinecker's guilt, because Thomas failed to adequately argue the assertion and failed to cite authority in support thereof. App.R. 16(A)(7).