[Cite as *State v. Lawwill*, 2017-Ohio-8432.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2017-03-027 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>11/6/2017 |
| - vs - | : | |
| | : | |
| PAUL D. LAWWILL, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 06CR23765

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Paul D. Lawwill, #A720456, North Central Correctional Institution, 670 Marion Williamsport Road, E., Marion, Ohio 43302, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1}   Appellant, Paul Lawwill, appeals from the decision of the Warren County Court of Common Pleas denying his untimely petition for postconviction relief. For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2}   On November 27, 2006, the Warren County Grand Jury returned a nine-count

indictment charging Lawwill with various felony drug offenses that included several charges of aggravated possession of drugs and aggravated trafficking in drugs, among others. The nine charges also included two major drug offender specifications. Lawwill subsequently entered a plea of not guilty to all charges and bond was set at $100,000.

{¶ 3} On April 16, 2007, Lawwill entered into a plea agreement, wherein he agreed to plead guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a first-degree felony, with an agreed sentence of five years in prison, three of which were mandatory, a mandatory $10,000 fine, and a six-month driver's license suspension. The parties further agreed that Lawwill's sentence would be served consecutively to any state of Ohio prison sentence Lawwill was then currently serving. In exchange for Lawwill's guilty plea, the remaining eight counts and two accompanying major drug offender specifications would be dismissed. The trial court accepted Lawwill's guilty plea and imposed the agreed-upon sentence. It is undisputed that Lawwill did not file a direct appeal from his conviction or sentence.

{¶ 4} Over nine years later, on August 22, 2016, Lawwill filed a pro se motion with the trial court entitled "Motion for Injunctive Relief to Correct Illegal Sentence." As part of this motion, Lawwill alleged that his conviction was unconstitutional and in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution as applicable to the states through the Fourteenth Amendment. In support of this motion, Lawwill alleged the following:

> January 23, 2004, Warren County, Ohio charged the defendant with Aggravated Possession in Drugs, §2925.03(A)(2). However, Warren County dismissed the charges when the United States District Court, Southern District of Ohio, Cincinnati, indicted the defendant using the same information. To wit: Conspiracy to Possess with intent to Distribute and Distribution of Methamphetamine, Cocaine, Marijuana, Xanax, Methadone, and Oxycodone, 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A). The defendant pled guilty to the charges and received 168 month

sentence in federal prison.

Continuing, Lawwill claimed:

> While serving the sentence, Butler County, Ohio, charged the defendant with Aggravated Murder and Corrupt Activity and informed him that if he did not plead out to *these* charges that they would make sure that Warren County, Ohio, would reinstate the original Aggravated Possession in Drugs charges which they had previously dropped when the United States District Court took over. Butler County threatened the defendant with "at least fifty years in prison, a hard way to go, and more," if he didn't submit.

Concluding, Lawwill stated:

> After repeated threats from the state, and false promises of a five year concurrent sentence from the defense counsel, the defendant relented and entered into what was an illegal sentence. As a result of these *negotiations*, Warren County convicted and sentenced the defendant to five years in prison, consecutive to all other sentences, for the same offense he was serving time on in federal prison. Thus, double jeopardy attached.

(Emphasis sic.)

{¶ 5} On September 26, 2016, the trial court summarily denied Lawwill's motion for injunctive relief, a decision Lawwill claims he received on September 30, 2016.[1] Approximately one week later, on October 7, 2016, Lawwill filed a motion with the trial court requesting findings of fact and conclusions of law. Having heard no response from the trial court, on October 31, 2016, Lawwill filed a notice of appeal with this court challenging the trial court's September 26, 2016 decision to deny his motion for injunctive relief. Several weeks later, on December 8, 2016, this court dismissed Lawwill's appeal upon finding it was untimely filed pursuant to App.R. 4(A).

{¶ 6} On December 27, 2016, Lawwill filed a dual motion requesting this court

---

1. It should be noted, although originally claiming he received the trial court's decision denying his motion for injunctive relief on September 30, 2016, as part of his motion for injunctive relief, Lawwill claimed he actually received the trial court's decision "the first week of October, 2016."

reconsider its December 8, 2016 decision dismissing his appeal as untimely and for leave to file a delayed appeal with this court. The certificate of service, however, stated that the motion was served on the state via the Warren County Clerk of Courts. As a result, on January 20, 2017, this court issued an entry striking Lawwill's dual motion. In so holding, this court stated:

> Upon review of the foregoing, the motion is hereby STRICKEN because it does not include a certificate of service upon the opposing party as required by App.R. 13 and Loc. App.R. 13. Service on the clerk is not sufficient.

{¶ 7} On February 1, 2017, Lawwill, still appearing pro se, filed another dual motion requesting this court to reconsider its December 8, 2016 decision dismissing his appeal as untimely and for leave to file a delayed appeal with this court. The following day, February 2, 2017, the trial court issued an entry wherein it summarily denied Lawwill's February 1, 2017 motion for reconsideration intended for this court, as well as his October 7, 2016 motion for findings of fact and conclusions of law regarding its September 26, 2016 decision to deny his motion for injunctive relief.

{¶ 8} On March 3, 2017, Lawwill filed a notice of appeal from the trial court's February 2, 2017 decision. Thereafter, on March 27, 2017, this court filed an entry also denying Lawwill's February 1, 2017 motion for reconsideration, as well as his motion for leave to file a delayed appeal. In so holding, this court stated:

> Appellant seeks to appeal an entry and order denying motion for injunctive relief to correct an illegal sentence filed in the Warren County Court of Common Pleas on September 26, 2016. He filed a notice of appeal from that entry five days late and his appeal was dismissed by this court on December 7, 2016 for that reason.
>
> Appellant's motion for injunctive relief to correct an illegal sentence constitutes a request for post-conviction relief which is a civil proceeding. A motion for leave to file a delayed appeal only applied to criminal matters. App.R. 5(A)(1). Accordingly, the motion for leave to file delayed appeal is DENIED.

- 4 -

> Appellant's motion for reconsideration contends that he timely filed a motion for findings of fact and conclusions of law on October 7, 2016 which tolls the thirty-day period for filing a notice of appeal until the trial court enters an order resolving the motion. Appellant is correct. However, it appears that appellant has timely filed a notice of appeal from the denial of his request for findings of fact and conclusions of law. *See State v. Lawwill*, Warren CA2017-03-027. Accordingly, appellant has timely filed a notice of appeal from the underlying decision and the present motion for reconsideration is MOOT.

{¶ 9} On April 6, 2017, Lawwill filed his appellate brief raising the following single assignment of error.

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY RULING ON THE APPELLANT'S MOTION FOR RECONSIDERATION / MOTION FOR LEAVE TO FILE DELAYED APPEAL WHICH WAS FILED WITH THE COURT OF APPEALS BECAUSE THE TRIAL COURT DID NOT HAVE JURISDICTION TO DO SO.

{¶ 11} In his single assignment of error, Lawwill takes exception to the trial court's entry issued on February 2, 2017, wherein he claims the trial court summarily denied his February 1, 2017 motion for reconsideration intended for this court, as well as his October 7, 2016 motion for findings of fact and conclusions of law regarding its September 26, 2016 decision to deny his motion for injunctive relief. According to Lawwill, the trial court improperly "intercepted" his motion for reconsideration intended for this court, thereby rendering that decision void.

{¶ 12} Certainly, a trial court should not rule on a motion directed to this court. However, because this court has since determined that Lawwill has now properly filed a notice of appeal from the trial court's decision, Lawwill can demonstrate no resulting prejudice from the trial court's alleged error. Therefore, because it is clear that Lawwill disagrees with the trial court's decision to deny both his August 22, 2016 motion for injunctive relief, which this court has since characterized as a petition for postconviction relief, as well

as his October 7, 2016 motion findings of fact and conclusions of law, we will review those decisions in light of the record now properly before this court.

**Standard of Review: Petition for Postconviction Relief**

{¶ 13} Although Lawwill claims otherwise, as this court has already determined, Lawwill's motion for injunctive relief is more properly characterized as a petition for postconviction relief. "Where a criminal defendant, subsequent to his direct appeal or the expiration of the time for filing a direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Harrison*, 12th Dist. Warren No. CA99-07-077, 2000 Ohio App. LEXIS 3178, *6 (July 17, 2000). Such is the case here. Therefore, despite it being captioned as a motion for injunctive relief, we will adhere to our previous determination and continue to construe Lawwill's motion as a petition for postconviction relief.

{¶ 14} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Initial petitions for postconviction relief are governed by R.C. 2953.21, which provides three methods for adjudicating the petition. *State v. Chamberlain*, 12th Dist. Brown No. CA2015-03-008, 2015-Ohio-2987, ¶ 5. Specifically, pursuant to the now former R.C. 2953.21 applicable here, when a criminal defendant challenges his conviction through a postconviction relief petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing pursuant to R.C. 2953.21(C), (2) grant summary judgment on the petition to either party who moved for summary judgment pursuant to R.C. 2953.21(D), or (3) hold an evidentiary hearing on the issues raised by the petition

pursuant to R.C. 2953.21(E).[2] *State v. Francis*, 12th Dist. Butler No. CA2014-09-187, 2015-Ohio-2221, ¶ 10.

{¶ 15} "An evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief." *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10. Rather, as noted by the Ohio Supreme Court, pursuant to R.C. 2953.21(C), "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun*, 86 Ohio St.3d at paragraph two of the syllabus. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Clark*, 12th Dist. Warren No. CA2008-09-113, 2009-Ohio-2101, ¶ 8.

{¶ 16} "A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing pursuant to R.C. 2953.21(C) will not be reversed absent an abuse of discretion." *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

---

2. Under the current version of R.C. 2953.21, which became effective April 6, 2017, these same three options are found in R.C. 2953.21(D), (E), and (F).

**Analysis**

{¶ 17} Regardless of whether the former 180-day time limit or the newly extended 365-day time limited applied, *see* R.C. 2953.21(A)(2), Lawwill's August 22, 2016 petition for postconviction relief was clearly untimely filed as it was filed over nine years after he entered his guilty plea, was convicted, and then sentenced on April 16, 2007. Under such circumstances, R.C. 2953.23(A)(1)(a) permits the trial court to entertain an untimely petition only if the petitioner demonstrates either (1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) he is invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated. *State v. Kent*, 12th Dist. Preble No. CA2013-05-003, 2013-Ohio-5090, ¶ 12. If the petitioner satisfies one of these threshold requirements, R.C. 2953.23(A)(1)(b) then requires the petitioner to offer clear and convincing evidence demonstrating that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *State v. McKelton*, 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-3216, ¶ 8. "A defendant's failure to either timely file a petition for post-conviction relief or meet his burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition." *State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 9.

{¶ 18} After a thorough review of the record, Lawwill failed to demonstrate that either (1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) that he was invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated. Rather, Lawwill merely claims – without any support evidence or affidavits – that he was the victim of a grand conspiracy between the Federal Government and both Butler and Warren Counties that ultimately resulted in a violation of Double Jeopardy. Nevertheless, even if we were to

entertain such a claim, nothing about Lawwill's allegations required the discovery of any additional facts that were not readily available to him over the preceding nine years following his conviction, which, we again note, was predicated on Lawwill entering a guilty plea to a single count of aggravated possession of drugs with an agreed upon five-year prison sentence. Therefore, because Lawwill failed to meet his burden under R.C. 2953.23(A)(1) that would excuse the untimely filing of his petition postconviction relief, the trial court properly denied his petition as untimely. Under such circumstances, a trial court is not required to make findings of fact and conclusions of law. *State v. McMullen*, 12th Dist. Butler No. CA2006-04-086, 2007-Ohio-125, ¶ 21 ("a trial court need not issue findings of fact and conclusions of law when it dismisses a petition for postconviction relief as untimely"). Lawwill's claim otherwise lacks merit.

{¶ 19} Lawwill's petition is further barred by the doctrine of res judicata. The doctrine of res judicata provides that

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment.

*State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). Lawwill could have raised his claim alleging a violation of Double Jeopardy by filing a direct appeal. He did not. *See, e.g., State v. Gann*, 12th Dist. Butler No. CA2004-01-028, 2005-Ohio-678, ¶ 12 (res judicata barred appellant's double jeopardy argument); *State v. Helser*, 3d Dist. Allen No. 1-09-04, 2009-Ohio-3155, ¶ 13 (appellant's double jeopardy claim barred by res judicata where alleged error could have been raised on direct appeal). Accordingly, finding no error in the trial court's decision to deny Lawwill's untimely petition for postconviction relief, Lawwill's single assignment of error

is overruled.

**{¶ 20}** Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.